[Cite as *In re Application for Sealing of Records of A.J.*, 2016-Ohio-5495.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: | : | |
| Application for the Sealing of the Records of: | : | No. 15AP-974 (M.C. No. 2015 CRX 50095) |
| | : | |
| [A.J.]. | : | (REGULAR CALENDAR) |
| | : | |

N U N C   P R O   T U N C[1]
D E C I S I O N

Rendered on August 23, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant. **Argued:** *Michael P. Walton.*

**On brief:** *Law Offices of Paul Scott*, and *Paul Scott*, for appellee. **Argued:** *Paul Scott.*

APPEAL from the Franklin County Municipal Court

SADLER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Municipal Court, which granted defendant-appellee's, A.J., application to seal the record of a dismissed felony case. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 19, 2013, in case No. 2013CRA-6173, Westerville police charged appellee with telecommunications harassment pursuant to R.C. 2917.21(A)(3). In the complaint, the charging officer indicated that appellee made a telecommunication to a certain person on February 11, 2013 and knowingly caused that person to believe that he

---

[1] This decision replaces, nunc pro tunc, the decision rendered on August 11, 2016 to replace appellee's name with initials.

would cause serious physical harm to her. The complaint further indicated that appellee had previously been convicted of two similar offenses and designated the charge as a fifth-degree felony.

{¶ 3} On July 5, 2013, in case No. 2013CRB-16386, the same Westerville police officer charged appellee with telecommunications harassment, pursuant to R.C. 2917.21, and cited to the same February 11, 2013 incident, but this time did not indicate that appellee had prior similar convictions and correspondingly designated the charge as a first-degree misdemeanor.

{¶ 4} The parties do not dispute that the telecommunications harassment charges in case Nos. 2013CRA-6173 and 2013CRB-16386 arose from the exact same facts and conduct of appellee on February 11, 2013.

{¶ 5} The record indicates that on September 27, 2013, the charge for felony telecommunications harassment in case No. 2013CRA-6173 was dismissed in arraignment. Appellant pled guilty to and was convicted of telecommunications harassment, pursuant to R.C. 2917.21, as a first-degree misdemeanor in case No. 2013CRB-16386.

{¶ 6} On January 20, 2015, appellee filed an application to seal the record of the dismissed charge of felony telecommunications harassment in case No. 2013CRA-6173 pursuant to R.C. 2953.52. Appellant filed objections to the application to seal on March 30, 2015, and the trial court held a hearing on the matter on June 25, 2015. At the hearing, appellant argued that because the case involves multiple charges with different dispositions—the felony dismissal and the misdemeanor conviction—and appellee is ineligible to seal the misdemeanor conviction due to his prior record, appellee's application to seal the felony dismissal is barred by R.C. 2953.61 and *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010. Appellant further argued that if the court were to order the felony dismissal sealed under statutory definitions, it is not possible to seal all the official records involved, essentially resulting in an unlawful partial sealing. Appellee countered that, essentially, this scenario does not present two separate offenses to invoke R.C. 2953.61 and *Pariag*. The trial court judge noted that at the initial arraignment hearing on both matters, the felony case was never indicted.

{¶ 7}   On October 5, 2015, the trial court granted appellee's application to seal the record of the felony dismissal.  In doing so, the trial court explained that at the initial arraignment hearing, appellant "entered a guilty plea to the misdemeanor, whereupon the felony case was dismissed upon the realization that it was the same incident that had initially been filed as a felony then refiled as a misdemeanor."  (Trial Ct. Decision at 2.)  The trial court noted "[t]his was done with the knowledge and approval of the Westerville City Attorney." (Trial Ct. Decision at 2.)  Therefore, the trial court found R.C. 2953.61 and the *Pariag* analysis inapplicable to the case at hand because the two cases involved "are the exact same charge" or "the same charge filed twice," rather than different charges from the same set of facts and circumstances.  (Trial Ct. Decision at 2.)  Appellant filed a timely appeal.

## II.  ASSIGNMENT OF ERROR

{¶ 8}   Appellant asserts a single assignment of error:

> THE TRIAL COURT LACKED JURISDICTION TO SEAL THE RECORD OF A DISMISSED CHARGE, WHERE THE APPLICATION WAS BARRED BY R.C. 2953.61.

## III.  STANDARD OF REVIEW

{¶ 9}   Generally, "[a] reviewing court 'will not reverse a trial court's decision on an R.C. 2953.52 application to seal absent an abuse of discretion.' " *In re K.J.*, 10th Dist. No. 13AP-1050, 2014-Ohio-3472, ¶ 10, *discretionary appeal not allowed*, 141 Ohio St.3d 1489, 2015-Ohio-842, quoting *In re Dumas*, 10th Dist. No. 06AP-1162, 2007-Ohio-3621, ¶ 7.  However, we engage in de novo review of issues on appeal involving questions of law. *Pariag* at ¶ 9 (applying de novo review to interpretation of R.C. 2953.61); *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6 (finding abuse of discretion standard inappropriate for "erroneous interpretation of the law"); *K.J.* at ¶ 18 (applying a "hybrid" standard of review to trial court's ruling under R.C. 2953.61 by reviewing the trial court's findings of fact for an abuse of discretion but application of those facts to the law de novo).

## IV.  DISCUSSION

{¶ 10} The first argument under appellant's assignment of error is premised on the applicability and barring effect of R.C 2953.61(A) and *Pariag* in respect to appellee's

application to seal the record of his dismissed felony charge under R.C. 2953.52. Appellee disagrees that he is "a person charged with two or more offenses" and, therefore, argues R.C. 2953.61(A) and the holding in *Pariag* do not apply. For the following reasons, we agree.

{¶ 11} R.C. 2953.52 provides for sealing of records after not guilty findings, dismissals of proceedings, or no bills by a grand jury. Under this statute, "[a]ny person * * * who is the defendant named in a dismissed complaint * * * may apply to the court for an order to seal the person's official records in the case." R.C. 2953.52(A)(1). Such application may be filed at any time after the dismissal of the complaint, "[e]xcept as provided in section 2953.61 of the Revised Code." R.C. 2953.52(A)(1).

{¶ 12} R.C. 2953.61 supplies the law for sealing records where a person is charged with multiple offenses. In pertinent part, R.C. 2953.61(A) states:

> [A] person charged with two or more *offenses* as a result of or in connection with the same act may not apply to the court pursuant to * * * 2953.52 of the Revised Code for the sealing of the person's record in relation to any of the charges when at least one of the charges has a final disposition that is different from the final disposition of the other charges until such time as the person would be able to apply to the court and have all of the records pertaining to all of those charges sealed pursuant to section 2953.32 or 2953.52 of the Revised Code.

(Emphasis added.)

{¶ 13} In *Pariag*, the Supreme Court of Ohio examined R.C. 2953.61(A) in the context of a traffic stop which yielded two separate cases, each involving different offenses and resulting in different dispositions: one case charged Pariag with a traffic offense resulting in a conviction pursuant to a plea and one case charged Pariag with criminal drug offenses resulting in a dismissal. Pursuant to R.C. 2953.52, Pariag filed an application to seal the record of the dismissed drug offense charges, but the state argued that the dismissed case could not be sealed under R.C. 2953.61 since the traffic case could not be sealed. The Supreme Court found that, "regardless of whether the charges are filed under separate case numbers," R.C. 2953.61 bars a trial court from sealing the record of a dismissed charge if the "dismissed charge arises 'as the result of or in connection with the same act' that supports a conviction when the records of the conviction are not sealable

under R.C. 2953.36." *Id.* at syllabus. The court clarified that "[t]he 'same act' plainly refers to the 'same conduct' " and remanded the matter for the trial court to determine whether the dismissed charges for drug offenses stemmed from the same conduct as Pariag's traffic violation.[2] *Id.* at ¶ 16.

{¶ 14} Appellee argues that this case is distinguishable from cases precluding sealing under R.C. 2953.61 because he was charged with the same offense twice in two separate cases. In support of this argument, appellee cites to *State v. Klembus*, 146 Ohio St.3d 84, 2016-Ohio-1092.

{¶ 15} In *Klembus*, the Supreme Court addressed the question of "whether raising the felony level for an OVI offense [under R.C. 4511.19] and imposing a sentencing enhancement on a specific class of OVI offenders [under R.C. 2941.1413] violates the right to equal protection" by imposing different punishments for identical criminal conduct. *Id.* at ¶ 1. The court described R.C. 4511.19(G)(1) as a statute designed to raise the level of the OVI offense in a graduated system based on the number and type of previous convictions and correspondingly impose a graduated penalty for an OVI offense and described R.C. 2941.1413 as a means to impose a mandatory additional prison term for repeat OVI offenders. In concluding that no equal protection violation occurred, the court in *Klembus* analyzed whether the case involved multiple criminal offenses. In part pertinent to this issue, the court in *Klembus* states:

> **To define a criminal offense, a statute must prohibit specific conduct. R.C. 2901.03(B).** Specifications such as R.C. 2941.1413 do not prohibit conduct; they add sentencing enhancements to the violation of a predicate statute that does prohibit conduct. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16. And **a factor that merely increases the degree of the offense does not itself define the offense.** *See Blackburn v. State*, 50 Ohio St. 428, 36 N.E. 18 (1893), paragraph three of the syllabus; *State v. Allen*, 29 Ohio St.3d 53, 55, 29 Ohio B. 436, 506 N.E.2d 199 (1987). Thus, **although higher felony levels and specifications may increase the length of a sentence, they do not prohibit conduct.** *See State v. Witwer*, 64 Ohio St.3d 421, 429, 1992 Ohio 136, 596 N.E.2d 451 (1992).

---

[2] After the remand, no public record shows how the *Pariag* case was resolved.

(Emphasis added.)   *Id.* at ¶ 17.   Therefore, the court concluded that the case did not involve multiple criminal offenses because "[t]he conduct prohibited in this case was Klembus's act of driving while under the influence in 2012," and "[t]he mere status of having a history of OVI convictions is not a criminal offense in Ohio."   *Id.* at ¶ 18.

{¶ 16} Here, appellee was charged two times with telecommunications harassment for the exact same conduct.   Like *Klembus*, the only difference between the cases is a change in the degree of the offense as a result of prior convictions.   Specifically, the charging officer designated the first case as a fifth-degree felony charge of telecommunications harassment based on prior convictions and designated the second case as a first-degree misdemeanor charge of telecommunications harassment without reference to prior convictions.

{¶ 17} The Supreme Court in *Klembus* states how a criminal offense is defined by statute.   The court rejected the idea that a factor, such as a prior conviction, that increases the degree of the offense thereby defines a separate offense and emphasized that the specific underlying conduct at issue defines the offense.   *Id.* at ¶ 17-18.   *See also* R.C. 2945.75(A) (setting forth law applicable where proof of prior convictions as an additional element "makes an offense one of more serious degree"); *State v. Adams*, 106 Ohio App.3d 139, 143 (10th Dist.1995) (describing effect of defendant's prior conviction as "elevat[ing] the degree of the offense" in case concerning priority and prejudice of evidence of prior conviction at trial); *State v. Crosky*, 10th Dist. No. 06AP-655, 2008-Ohio-145, ¶ 152-53 (discussing an offense to include various degrees ranging from first-degree misdemeanors to several felony enhancements).

{¶ 18} While the facts here exhibit charges filed in both municipal court and the court of common pleas, the focus in applying R.C. 2953.61 unambiguously centers on a person "charged with *two or more offenses*." (Emphasis added.)   R.C. 2953.61(A).   *See Pariag* at ¶ 17, 20 (stating "when *multiple offenses* have different dispositions, an application to seal a record may be filed only when the applicant is able to apply to have the records of *all the offenses* sealed" and "R.C. 2953.61 thus focuses not on when *separate offenses* occurred, but on whether [the separate offenses] arose from the same conduct of the applicant"). (Emphasis added.)   Therefore, considering the clear statutory language that two or more separate offenses, not just charges, must be involved to invoke

R.C. 2953.61 and case law stating that prior convictions merely elevate the degree of the offense rather than create a separate offense, we find that appellee was not a person "charged with two or more offenses." R.C. 2953.61(A). As such, R.C. 2953.61 does not apply.

{¶ 19} The second argument under appellant's assignment of error is premised on the impropriety and impracticality of partial sealing as discussed in *Futrall* at ¶ 20-21. In *Futrall*, a defendant entered guilty pleas on charges for five criminal offenses brought in a single case. By statute, one of his resultant convictions could not be sealed. When the defendant filed an application to seal the record of the case, the Supreme Court determined that R.C. 2953.61 did not apply, but, nonetheless, an applicant with multiple convictions in one case may not partially seal his or her record, pursuant to R.C. 2953.32, when one of the convictions is statutorily exempt from being sealed under R.C. 2953.36. In doing so, the court described the "impractical reality" of sealing only certain convictions within a case and concluded that the "General Assembly[] intend[ed] to authorize the sealing of cases, not the sealing of individual convictions within cases." *Id.* at ¶ 20.

{¶ 20} In *K.J.*, 2014-Ohio-3472, this court extended *Futrall* to preclude the trial court from sealing the record of a dismissed charge for a drug offense docketed under the same case number as another dismissed charge which was not sealable. *K.J.* at ¶ 29, 31. We reiterated the General Assembly's intent to authorize the sealing of cases, rather than charges of individual offenses within a single case.

{¶ 21} Later, in *State v. C.A.*, 10th Dist. No. 14AP-738, 2015-Ohio-3437, ¶ 27-33, *discretionary appeal not allowed*, 144 Ohio St.3d 1505, 2016-Ohio-652, this court rejected the state's argument that the trial court abused its discretion in granting an application to seal the records in two cases because the order would arguably require duplicate records in another non-sealable case to be sealed. In doing so, we found that R.C. 2953.52(B)(4), stating that a court's sealing order is directed at "all official records pertaining to the case," only affects official records of the sealed case itself. *Id.* at ¶ 29 ("[W]e find that the legislature's unambiguous language here suggests that the 'official records' to be sealed are just those that relate to the individual case or cases being sealed."). As a result, we concluded the fact that the same information was used in

multiple case files, one of which could not be sealed, does not render all those cases exempt from sealing.

{¶ 22} Therefore, for the above stated reasons and under existing case law, we find that appellant's argument regarding partial sealing lacks merit.

{¶ 23} Accordingly, appellant's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 24} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

DORRIAN, P.J., and HORTON, J., concur.

_____