[Cite as *State of Ohio v. [A.G.]*, 2018-Ohio-1473.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 17AP-722 |
| | | (C.P.C. No. 17EP-501) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| [A.G.], | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 17, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant. **Argued:** *Michael P. Walton.*

**On brief:** *Probst Law Office, Inc.,* and *Michael S. Probst*, for appellee. **Argued:** *Michael S. Probst.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from an entry of the Franklin County Court of Common Pleas granting the application of defendant-appellee, A.G., to seal the record of his prior dismissed felony indictment. For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} On April 9, 2017, A.G. received a citation charging him with one count of operating a vehicle while intoxicated ("OVI") in violation of R.C. 4511.19(A)(1)(a) and one count of OVI under R.C. 4511.19(A)(2). The state filed the charges in the Franklin County Municipal Court under case No. 2017 TRC 128898 ("municipal court case"). A.G. entered a guilty plea to the OVI charge under R.C. 4511.19(A)(1)(a) on May 17, 2017.

{¶ 3}    Thereafter, by indictment filed June 21, 2017, the state charged A.G. with one count of OVI in violation of R.C. 4511.19, a felony of the fourth degree.  The felony charge was filed in the Franklin County Court of Common Pleas under case No. 17CR-3415 ("common pleas case") and arose from the same April 9, 2017 traffic stop resulting in the misdemeanor charges in the municipal court case.  A.G. entered a plea of not guilty.

{¶ 4}    The parties agree that A.G. then made an oral motion to the court to dismiss the indictment in the common pleas case as a violation of the Double Jeopardy Clause of the United States Constitution and Article I, Section 10 of the Ohio Constitution.  In a July 20, 2017 entry, the trial court ordered that a nolle prosequi be entered in the common pleas case because "defendant had pleaded guilty to the same offense in Franklin County Municipal Court."

{¶ 5}    On July 27, 2017, A.G. filed an application, pursuant to R.C. 2953.52, for an order sealing the record of dismissal in the common pleas case.  The state filed a written objection to A.G.'s application on September 11, 2017, arguing that because A.G. is not eligible to have the record of his conviction in the municipal court case sealed, he is therefore ineligible to have the record of his dismissal in the common pleas case sealed. Following an October 3, 2017 hearing on A.G.'s application, the trial court granted A.G.'s application.  The trial court journalized its decision in an October 3, 2017 entry ordering the sealing of the records in the common pleas case.  The state timely appeals.

## II.  Assignments of Error

{¶ 6}    The state assigns the following errors for our review:

> [1.] The trial court abused its discretion in granting an application to seal the official records pertaining to a dismissed indictment where the defendant failed to demonstrate any particular need.
>
> [2.] The trial court lacked jurisdiction to seal the official records pertaining to 17CR-3415, where the application was barred by R.C. 2953.61.

{¶ 7}    Because the state's second assignment of error controls our resolution of this case, we address the state's assignments of error out of order.

### III.  Second Assignment of Error – Jurisdiction

{¶ 8}   In its second assignment of error, the state argues the trial court erred when it granted A.G.'s application to seal the record of his nolle prosequi.  More specifically, the state asserts A.G. was not eligible to have the record of his dismissed OVI charge sealed and, thus, the trial court erred as a matter of law when it granted A.G.'s application.

{¶ 9}   An appellate court generally reviews a trial court's disposition of an application for an order sealing the record of criminal proceedings under an abuse of discretion standard.  *State v. Norfolk*, 10th Dist. No. 04AP-614, 2005-Ohio-336, ¶ 4, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827 (8th Dist.2001); *In re Dumas*, 10th Dist. No. 06AP-1162, 2007-Ohio-3621, ¶ 7.  An abuse of discretion connotes more than an error of law or judgment; it implies that the attitude of the trial court was " 'unreasonable, arbitrary or unconscionable.' " *Norfolk* at ¶ 4, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo.  *Norfolk* at ¶ 4, citing *State v. Derugen*, 110 Ohio App.3d 408, 410 (3d Dist.1996).

{¶ 10}  " 'Expungement is an act of grace created by the state,' and so is a privilege, not a right." *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996).  "In Ohio, 'expungement' remains a common colloquialism used to describe the process of sealing criminal records pursuant to statutory authority." *In re K.J.*, 10th  Dist. No. 13AP-1050, 2014-Ohio-3472, ¶ 8, citing *State v. Pariag*, 137 Ohio St.3d  81, 2013-Ohio-4010, ¶ 11. A court may grant the expungement only when the applicant meets all statutory requirements for eligibility.  *State v. Brewer*, 10th Dist. No. 06AP-464, 2006-Ohio-6991, ¶ 5, citing *In re White*, 10th Dist. No. 05AP-529, 2006-Ohio-1346, ¶ 4-5.  Further, where R.C. 2953.36 bars a criminal record from being sealed, a trial court lacks jurisdiction to grant the application.  *State v. Evans*, 10th Dist. No. 13AP-939, 2014-Ohio-2081, ¶ 12.

{¶ 11} Ohio's statutory scheme contemplates two methods to expunge criminal records: (1) eligible offenders may seek to have the records of their convictions sealed under R.C. 2953.32; and (2) a defendant may seek to have the criminal records sealed if his or her case was dismissed under R.C. 2953.52.  *K.J.* at ¶ 9, citing *Schussheim v. Schussheim*, 12th Dist. No. CA2011-07-078, 2012-Ohio-2573, ¶ 10.  A.G. applied to have the record of the

dismissed felony OVI charge sealed but did not seek to have his misdemeanor OVI conviction sealed. Thus, R.C. 2953.52(A)(1) is applicable to A.G.'s application and provides:

> Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court of the journal, whichever entry occurs first.

{¶ 12} Thus, R.C. 2953.52 allows "[a]ny person" to apply to seal the records of a dismissed indictment "at any time" after dismissal, subject only to the limitations provided in R.C. 2953.61. In turn, R.C. 2953.61 provides:

> [A] person charged with two or more offenses as a result of or in connection with the same act may not apply to the court pursuant to section 2953.32 or 2953.52 of the Revised Code for the sealing of the person's record in relation to any of the charges when at least one of the charges has a final disposition that is different from the final disposition of the other charges until such time as the person would be able to apply to the court and have all of the records pertaining to all of those charges sealed pursuant to section 2953.32 or 2953.52 of the Revised Code.

R.C. 2953.61(A). As the Supreme Court of Ohio has held, "[a] trial court is precluded, pursuant to R.C. 2953.61, from sealing the record of a dismissed charge if the dismissed charge arises 'as the result of or in connection with the same act' that supports a conviction when the records of the conviction are not sealable under R.C. 2953.36, regardless of whether the charges are filed under separate case numbers." *Pariag* at syllabus.

{¶ 13} Here, A.G. was convicted in the municipal court case of a misdemeanor violation of R.C. 4511.19. The parties do not dispute that the felony indictment in the common pleas case arose "as the result of or in connection with the same act" as the conviction in the misdemeanor case, namely, the same traffic stop. R.C. 2953.61(A). Thus, the two cases resulted in charges with different dispositions: the municipal court case resulted in a conviction and the common pleas case resulted in a dismissed indictment.

Because the charges had different dispositions, R.C. 2953.61 mandates that A.G. could not be eligible to seal the record of *any* of the charges until such time as he is eligible to seal the record of *all* such charges.

{¶ 14} Under R.C. 2953.36, the sections of the Revised Code pertaining to the process of sealing the record of convictions expressly do not apply to "[c]onvictions under * * * Chapter 4511 * * * of the Revised Code."  R.C. 2953.36(A)(2).  Thus, by the plain language of R.C. 2953.36, A.G.'s conviction for OVI in violation of R.C. 4511.19 in the municipal court case cannot be sealed.  *See K.J.* at ¶ 13.  Although A.G. did not seek to seal the record of his conviction in the municipal court case, the fact that he is ineligible to have that conviction sealed pursuant to R.C. 2953.36 also renders him ineligible to have the record of his dismissed indictment in the common pleas case, arising from the same act, sealed.  R.C. 2953.61; *Pariag* at syllabus.

{¶ 15} A.G. acknowledges the statutory framework but urges this court to find an exception in his case where, he argues, the state never should have filed the felony indictment because of his constitutional protections against double jeopardy.  However, the applicable statutes do not provide for any such double jeopardy exception.  Accordingly, we find that because R.C. 2953.36(A) renders A.G. ineligible to seal the record of his OVI conviction in the municipal court case, and, in turn, R.C. 2953.61(A) precludes the trial court from sealing the record of the dismissed indictment in the common pleas case, the trial court therefore lacked jurisdiction to grant A.G.'s application to seal the record of the dismissed indictment in the common pleas case.  *Evans* at ¶ 12.  Therefore, we sustain the state's second assignment of error.

## IV.  First Assignment of Error – Abuse of Discretion

{¶ 16} In its first assignment of error, the state argues the trial court abused its discretion in granting A.G.'s application to seal the record of his dismissed indictment because A.G. did not meet his burden of establishing his interest in having the record sealed.  However, our resolution of the state's second assignment of error renders moot the question of whether the trial court abused its discretion in granting A.G.'s application.  Consequently, we find the state's first assignment of error moot.

## V. Disposition

{¶ 17} Based on the foregoing reasons, the trial court erred when it granted A.G.'s application to seal the record of his dismissed indictment because the trial court lacked jurisdiction to grant the application. Having sustained the state's second assignment of error, rendering moot the state's first assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to that court for proceedings consistent with this decision.

*Judgment reversed; cause remanded.*

TYACK and DORRIAN, JJ., concur.