[Cite as *Columbus v. Kuhel*, 2018-Ohio-4124.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

City of Columbus,                    :

     Plaintiff-Appellee,          :

v.                                   :                    No. 17AP-774
                                                    (C.P.C. No. 2017CRX51381)
Justin A. Kuhel,                     :
                                                    (REGULAR CALENDAR)
     Defendant-Appellant.         :

D E C I S I O N

Rendered on October 11, 2018

**On brief:** *Zach Klein*, City Attorney, and *Melanie R. Tobias*, for appellee. **Argued:** *Melanie R. Tobias.*

**On brief:** *Student Legal Services, Inc.*, and *Erin E. Woods*, for appellant. **Argued:** *Erin E. Woods.*

APPEAL from the Franklin County Municipal Court

TYACK, J.

{¶ 1} Justin A. Kuhel is appealing from a decision of a judge of the Franklin County Municipal Court who denied his application to seal the records of his case. He assigns three errors for our consideration:

> [I.] The trial court erred in denying the application to seal the records of Appellant's case, 2013TRC173206, as a result of its misinterpretation and application of R.C. 2953.61, as interpreted by the Ohio Supreme Court and the 10th District Court of Appeals.
>
> [II.] The trial court abused its discretion in denying the application to seal the records of Appellant's case, 2013TRC173206, when it denied the sealing based on the

nature of the offenses later re-filed against him by the State of Ohio.

[III.] The trial court abused its discretion in denying the application to seal the records of Appellant's case, 2013TRC173206, when it determined the State's interest outweighed Appellant's interest in having the records sealed.

{¶ 2} Kuhel was arrested on September 2, 2013 and charged with operating a vehicle while impaired and with failing to drive within marked lanes. He also was charged with transporting a weapon while under the influence, in violation of R.C. 2923.16(D)(1). The last charge is a felony, while the first two are misdemeanors.

{¶ 3} The felony was dismissed at the municipal court level and later presented for direct indictment by a grand jury.

{¶ 4} The grand jury did, in fact, indict Kuhel and a plea bargain was worked out under the terms of which Kuhel pled guilty to a charge of having physical control of a motor vehicle while under the influence in violation of R.C. 4511.19 and to a charge of carrying a weapon while intoxicated in violation of R.C. 2923.15. He later applied to seal the records of the cases which were dismissed at the request of the prosecuting attorney's office in the Franklin County Municipal Court.

{¶ 5} The facts underlying the charges clearly demonstrate that Kuhel received multiple charges and convictions for a single situation. He was driving while under the influence and came to the attention of police when he failed to drive in marked lanes. Upon stopping him, police discovered that he had a firearm in his possession.

{¶ 6} R.C. 2953.36 states in the pertinent part:

(A) Except as otherwise provided in division (B) of this section, sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:

* * *

(2) Convictions under section 2907.02, 2907.03, 2907.04, 2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, former section 2907.12, or Chapter 4506., 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section

contained in any of those chapters, except as otherwise provided in section 2953.61 of the Revised Code.

{¶ 7}  R.C. 2953.61 reads:

(A) Except as provided in division (B)(1) of this section, a person charged with two or more offenses as a result of or in connection with the same act may not apply to the court pursuant to section 2953.32 or 2953.52 of the Revised Code for the sealing of the person's record in relation to any of the charges when at least one of the charges has a final disposition that is different from the final disposition of the other charges until such time as the person would be able to apply to the court and have all of the records pertaining to all of those charges sealed pursuant to section 2953.32 or 2953.52 of the Revised Code.

(B)
(1) When a person is charged with two or more offenses as a result of or in connection with the same act and the final disposition of one, and only one, of the charges is a conviction under any section of Chapter 4507., 4510., 4511., or 4549., other than section 4511.19 or 4511.194 of the Revised Code, or under a municipal ordinance that is substantially similar to any section other than section 4511.19 or 4511.194 of the Revised Code contained in any of those chapters, and if the records pertaining to all the other charges would be eligible for sealing under section 2953.52 of the Revised Code in the absence of that conviction, the court may order that the records pertaining to all the charges be sealed. In such a case, the court shall not order that only a portion of the records be sealed.

(2) Division (B)(1) of this section does not apply if the person convicted of the offenses currently holds a commercial driver's license or commercial driver's license temporary instruction permit.

{¶ 8}  R.C. 2953.61 clearly bars the sealing of the records of the municipal court cases under these circumstances.  R.C. 2953.36 expressly does not include convictions under R.C. Chapter 4511.  Thus, by the plain language of R.C. 2953.36,  Kuhel's conviction for having physical control of a motor vehicle while under the influence in violation of R.C. 4511.19 cannot be sealed.  *State v. A.G.*, 10th Dist. No. 17AP-722, 2018-Ohio-1473, ¶ 14; *In re K. J.*, 10th Dist. No. 13AP-1050, 2014-Ohio-3472, ¶ 13.

{¶ 9} The first assignment of error is overruled.

{¶ 10} The refiled cases were based on the same facts and basically are the same charges.

{¶ 11} The second assignment of error is overruled.

{¶ 12} Our findings as to the first and second assignments of error moot the third assignment of error. The relative value to the city of Columbus and to Kuhel of sealing the records does not come into play if the pertinent statutes do not permit sealing of the records. The third assignment of error is dismissed as moot.

{¶ 13} Having overruled the first and second assignments of error, and having found moot the third assignment of error, the ruling of the trial court refusing to seal Kuhel's records is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER, J., concurs in judgment only.
BROWN, P.J., concurs in judgment.

BROWN, P.J., concurring in judgment.

{¶ 14} For the following reasons, I concur in judgment. With regard to the first assignment of error, I would find the following. R.C. 2953.61 does not allow the records of a dismissed charge to be sealed if the dismissed charge arises as a result of or in connection with the same act that supports a conviction when the records of the conviction are not sealable under R.C. 2953.36. Here, the common pleas court records of the conviction for having physical control of a motor vehicle while being under the influence are not sealable under R.C. 2953.36(A)(2) because (A)(2) does not permit the sealing of records for convictions under R.C. 4511. Also, the common pleas court records of the conviction for carrying a weapon while intoxicated are not sealable under *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590 (when multiple convictions are docketed under the same case number, and one conviction is not sealable, the other convictions are not sealable). I would further find that the dismissed municipal court charge of operating a motor vehicle while impaired ("OVI") arose as a result of or in connection with the same act that supports the unsealable common pleas court convictions; thus, the dismissed municipal court OVI charge cannot be sealed pursuant to R.C. 2953.61. Because the OVI records in the municipal

court case are not sealable, the dismissed marked lanes charge in the municipal court also cannot be sealed under *In re Application for the Sealing of the Records of A.J.*, 10th Dist. No. 15AP-974, 2016-Ohio-5495 (cannot seal the records of a dismissed charge that is docketed under the same case number as a dismissed charge that is not sealable). For these reasons, I would overrule appellant's first assignment of error.

{¶ 15} With regard to the second assignment of error, I would find the trial court did not "categorically" deny the application to seal based on the fact appellant was convicted of the common pleas charges, as appellant contends. Instead, the trial court found appellant was statutorily prohibited from sealing his record while also finding that his interests did not outweigh the needs of the state. Although the trial court made a comment about its discovery that appellant had been convicted of the offenses in the common pleas court, and reliance upon the nature of the offenses is an insufficient reason to deny the sealing of a record, *see In re Fuller*, 10th Dist. No. 11AP-579, 2011-Ohio-6673, ¶ 12, it is not clear from the trial court's comment that the court actually relied on the nature of the common pleas charges in making its determination. Given such ambiguity, I would overrule appellant's second assignment of error.

{¶ 16} With regard to appellant's third assignment of error, I would find this assignment of error moot based on our treatment of the first assignment of error. Regardless of whether the trial court erred in its balancing of the interests of appellant and the needs of the state, the trial court still found appellant was statutorily precluded from sealing his records.

_____