[Cite as *State v. Kuhel*, 2018-Ohio-4963.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-774 |
| | | (M.C. No. 2017CRX51381) |
| Justin A. Kuhel, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 11, 2018

*Zach Klein*, City Attorney, *Lara N. Baker*, City Solicitor, and *Melanie R. Tobias*, for appellee.

*Student Legal Services*, and *Erin E. Woods*, for appellant.

ON APPLICATION FOR RECONSIDERATION
AND APPLICATION FOR EN BANC CONSIDERATION

TYACK, J.

{¶ 1} Counsel for Justin A. Kuhel has filed an application for reconsideration and an application for en banc consideration.

{¶ 2} Kuhel is appealing from trial court orders which denied the sealing of part of the records of his criminal cases. His litigation history points out some of the idiosyncrasies of criminal litigation in Franklin County, Ohio. He was charged with both felonies and misdemeanors in the Franklin County Municipal Court. The felony charges were set for a preliminary hearing in front of a judge of that court.

{¶ 3} In Kuhel's situation, the felony parts of his charges were dismissed on the date set for his preliminary hearing. The misdemeanor parts were left pending in the municipal court. Double jeopardy principles and case law make the duties of the prosecutor

tricky in this situation. If the misdemeanor parts could be considered lesser-included offenses of the felony charges, a plea bargain in the municipal court could serve to bar subsequent charges for some or all of the felonies.

{¶ 4} Kuhel was initially charged with operating a motor vehicle while under the influence ("OVI"), failure to drive within marked lanes and transporting a weapon while under the influence. The felony charges were dismissed on the preliminary hearing date. The OVI charge and the transporting a weapon while under the influence charge were each presented to a grand jury and were the basis for an indictment.

{¶ 5} Kuhel and counsel worked out a plea deal in the common pleas court under the terms of which Kuhel pled guilty to physical control of a motor vehicle while under the influence and possessing a weapon under a disability. These two charges cannot be sealed.

{¶ 6} Counsel for Kuhel then attempted to have some or all of the records of the charges sealed that were dismissed on the preliminary date in the municipal court. The trial court refused. We affirmed that refusal on appeal.

{¶ 7} Counsel now argues that we were wrong to affirm the trial court.

{¶ 8} The municipal court charge of OVI and the felony charge of OVI are the same case at different stages of the proceedings. The fact the plea bargain in common pleas allowed a plea to the lesser charge of being in control of a motor vehicle while under the influence does not change the fact that the same violation of law is involved. R.C. 2953.61 bars sealing the records of the OVI charge in both courts.

{¶ 9} The judge in the municipal court was within his discretion to not seal the municipal court records as to the weapons charge which was later indicted. Having a complete record of the litigation history of the weapons charge has value and prevents inaccurate claims later that the improper transporting of a firearm in a motor vehicle while under the influence was completely dismissed. The charge was temporarily dismissed until it could be presented to a grand jury for indictment.

{¶ 10} Treated as an application for reconsideration, the application is denied.

{¶ 11} We do not see our opinion as being in conflict with *In re Application for the Sealing of the Records of A.J.*, 10th Dist. No. 15AP-974, 2016-Ohio-5495 given the factual differences in the cases. We, therefore, do not believe en banc consideration is warranted.

{¶ 12}  The application for en banc consideration is denied.

*Applications for reconsideration*
*and for en banc consideration are denied.*

BROWN, P.J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

—————————