[Cite as *State v. T.D.*, 2021-Ohio-513.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Sylvania                         Court of Appeals No. L-20-1149

    Appellee                                                       Trial Court No. TRC 1802390A

v.

T.D.                                                                    **DECISION AND JUDGMENT**

    Appellant                                                     Decided:  February 19, 2021

* * * * *

Matthew E. Exton and Daniel T. Ellis, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, T.D., files this accelerated appeal from the August 6, 2020 judgment of the Sylvania Municipal Court, denying his motion to seal his record of conviction in Sylvania Municipal Court case No. TRC 1802390.  The city of Sylvania did not oppose the motion and has not filed a brief.  For the following reasons, we reverse the trial court judgment.

## I. Background

{¶ 2} On April 21, 2018, T.D. was charged in Sylvania Municipal Court case No. TRC 1802390 with operating a vehicle while under the influence of alcohol or drugs ("OVI"), a violation of R.C. 4511.19(A)(1)(a), and failure to maintain assured clear distance ahead ("ACDA"), a violation of Sylvania Municipal Code 333.03(a). The case was dismissed without prejudice on September 27, 2018, because the arresting officer was unavailable.

{¶ 3} The city refiled the charges against T.D. in Sylvania Municipal Court case No. TRC 1900656. On March 7, 2019, T.D. entered a plea of no contest to the ACDA violation. The city dismissed with prejudice the OVI charge because the arresting officer was training at Quantico for three months and would be unable to testify.

{¶ 4} On April 25, 2019, T.D. moved to seal the records in Sylvania Municipal Court case Nos. TRC 1802390 and TRC 1900656. The city initially objected to sealing the record in case No. TRC 1802390 ("the 2018 case") because the case had been dismissed without prejudice. When it realized that the case had been refiled as case No. TRC 1900656 ("the 2019 case"), it withdrew its objection.

{¶ 5} The court held a hearing on the motion. It began by expressing its surprise at the city's decision not to oppose the motion and indicated that it was not inclined to grant it. T.D. then testified. He confirmed that the 2018 case and the 2019 case were the same case. The 2018 case was dismissed and refiled, and the 2019 case was later dismissed with prejudice. He stated that even though he had not been convicted, his

2.

insurance premiums rose dramatically as a result of the charge, and his professional reputation had been harmed. He argued that there was no legitimate basis for the prosecution to maintain the records of the charge and dismissal.

{¶ 6} In a written decision filed on July 3, 2019, the trial court denied T.D.'s motion with respect to the 2018 case. The court noted that it was unaware of any criminal matters pending against T.D., it observed that the state had not objected to T.D.'s motion, and it acknowledged T.D.'s testimony concerning his insurance rates and reputation. Notwithstanding these facts, the court found that maintaining records of alcohol-related traffic offenses furthers the state's interest in protecting the public from future offenses of a similar nature and would assist the state in plea negotiations should T.D. commit another similar offense in the future. The court concluded that "the State's significant interest in maintaining Defendant's record of a dismissed OVI charge is not outweighed by Defendant's interest in having the record sealed."

{¶ 7} With respect to the records in the 2019 case, however, the trial court granted the motion. It reasoned that "maintaining the records of two OVI dismissals could be misleading, considering that the two OVI charges arose from a single incident. * * * To prevent Defendant's criminal history from suggesting, upon a cursory glance, that he committed two OVI offenses, this Court deems it appropriate to seal the record" of the OVI charge and ACDA conviction in the 2019 case.

{¶ 8} T.D. appealed to this court. In a decision and judgment dated June 26, 2020, we reversed. *State v. T.D.*, 6th Dist. Lucas No. L-19-1152, 2020-Ohio-3489. We concluded that the trial court had applied the wrong legal standard.

{¶ 9} We clarified that under R.C. 2953.53(B)(4), a trial court must order a record to be sealed if it finds that "the defendant was found not guilty, the complaint was dismissed, no criminal proceedings against the person are pending, and '*the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records.*'" (Emphasis added.) *Id.* at ¶ 8, quoting R.C. 2953.52(B)(4). We observed that instead of determining whether T.D.'s interests were outweighed by the government's need to maintain the records, the court considered whether the government's needs were outweighed by T.D.'s interests. The effect of this was that in the event that the parties' interests were equal, the state's interests would prevail. We explained that the statute favors the sealing of records if specific requirements are met. Thus, under a correct application of the standard, if the state's need to maintain the records is equal to the movant's interests in sealing them, the trial court must grant the motion to seal—not the other way around. We remanded the case to the trial court for application of the proper standard.

{¶ 10} On remand, the trial court again denied T.D.'s motion. This time, it recognized additional interests of the state in maintaining the records: (1) its interest in protecting the public from future offenses of a similar nature, (2) protection of the safety interest of any of T.D.'s future passengers, (3) the interests of automobile insurers in

4.

determining whether to extend coverage and in establishing rates, (4) the state's position in plea negotiations should T.D. commit similar offenses in the future, and (5) the absence of any suggestion that T.D. was wrongfully identified or prosecuted.

{¶ 11} As for T.D.'s interests, the court concluded that T.D. had not presented specific evidence demonstrating his need to have the records sealed, offered no substantive testimony or tangible evidence of how the OVI dismissal on his record increased his insurance rates or damaged his reputation, and presented no testimony as to how the OVI dismissal on his record compromised or impacted his employment.

{¶ 12} The court concluded that the state's interest in maintaining the records outweighs T.D.'s interest in having them sealed. T.D. appealed. He assigns the following errors for our review:

> APPELLANT'S ASSIGNMENT OF ERROR NO. 1
>
> THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT REFUSED TO SEAL THE OFFICIAL RECORDS IN BOTH DOCKETS DESIGNATIONS OF THE SAME CASE[.]
>
> APPELLANT'S ASSIGNMENT OF ERROR NO. 2
>
> THE TRIAL COURT ERRED AS A MATTER OF LAW BY MISAPPLYING THE LEGAL STANDARD TO SEAL THE RECORDS.
>
> APPELLANT'S ASSIGNMENT OF ERROR NO. 3
>
> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION TO SEAL.

5.

## II. Law and Analysis

{¶ 13} T.D. argues in his first assignment of error that the trial court erred as a matter of law when it refused to seal the records in both the 2018 and 2019 cases because they are both designations of the same case. He argues in his second and third assignments of error that the trial court misapplied the legal standard and abused its discretion in refusing to seal the records in the 2018 case.

{¶ 14} Under R.C. 2953.52(A)(1), "[a]ny person * * * who is the defendant named in a dismissed complaint * * * may apply to the court for an order to seal the person's official records in the case." Upon the filing of an application, the court must set a date for a hearing and notify the prosecutor. R.C. 2953.52(B)(1). The prosecutor may object before the hearing date and must specify the reasons justifying a denial of the application. *Id.* The court must then determine whether the complaint was dismissed with prejudice; determine whether criminal proceedings are pending against the person; consider the prosecutor's reasons for objection; and weigh the interests of the person in having the records sealed against the government's legitimate needs, if any, to maintain those records. R.C. 2953.52(B)(2)(a)-(d). "If the court determines * * * that the complaint * * * was dismissed * * *, that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, * * * the court shall issue an order directing that all official records pertaining to the case be sealed

6.

and that * * * the proceedings in the case be deemed not to have occurred." R.C. 2953.52(B)(3).

{¶ 15} The sealing of a criminal record has been characterized as an "act of grace created by the state." *State v. Hamilton*, 75 Ohio St.3d 636, 665 N.E.2d 669 (1996). It is a privilege, not a right. *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 15. The applicant has the burden to "'demonstrate that his interest in having the records sealed are equal to or greater than the government's interest in maintaining those records.'" *State v. Harrison*, 2018-Ohio-1724, 111 N.E.3d 845, ¶ 14 (2d Dist.), quoting *State v. Newton*, 10th Dist. Franklin Nos. 01AP-1443, 2002-Ohio-5008, ¶ 9.

{¶ 16} Generally, we review a trial court's decision regarding an application to seal records under an abuse-of-discretion standard. *State v. Floyd*, 2018-Ohio-5107, 126 N.E.3d 361, ¶ 4 (1st Dist.). Where, however, "the dispute as to the sealing of records involves a purely legal question, our standard of review is de novo." *Id.*, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

{¶ 17} In his first assignment of error, T.D. argues that when the trial court granted the motion to seal in the 2019 case, it necessarily required the court to seal the records in the 2018 case too. This argument is premised on his interpretation of R.C. 2953.52(B)(4), which indicates that when a case is ordered sealed, "all official records pertaining to the case" must be sealed and "the proceedings in the case be deemed not to have occurred." He maintains that the identical "official records" were used in both the 2018 and 2019 cases, therefore, in granting T.D.'s request to seal the records in the 2019

7.

case, the court was necessarily obligated to seal the records in the 2018 case as well. He also insists that the records in the 2018 case are official records pertaining to the 2019 case because the proceedings in the 2019 case were a continuation of the proceedings in the 2018 case.

{¶ 18} R.C. 2953.51(D) defines "official records" as follows:

> All records that are possessed by any public office or agency that *relate to* a criminal case, including, but not limited to: the notation to the case in the criminal docket; all subpoenas issued in the case; all papers and documents filed by the defendant or the prosecutor in the case; all records of all testimony and evidence presented in all proceedings in the case; all court files, papers, documents, folders, entries, affidavits, or writs that pertain to the case; all computer, microfilm, microfiche, or microdot records, indices, or references to the case; all index references to the case; all fingerprints and photographs; all DNA specimens, DNA records, and DNA profiles; all records and investigative reports pertaining to the case that are possessed by any law enforcement officer or agency, except that any records or reports that are the specific investigatory work product of a law enforcement officer or agency are not and shall not be considered to be official records when they are in the possession of that officer or agency; and all investigative records and reports other than those possessed by a law enforcement officer or agency pertaining to the case. (Emphasis added.)

8.

{¶ 19} In *State v. S.R.*, 63 Ohio St.3d 590, 595, 589 N.E.2d 1319 (1992), the Ohio Supreme Court considered the meaning of "official records" and the terms used in that definition. It emphasized that under the plain language of R.C. 2953.51(D), "official records" are "'*all* records that are possessed by *any* public office or agency that *relate* to the criminal case * * *.'" (Emphasis in original.) *Id.*, quoting R.C. 2953.51(D). It explained that "when used as an adjective, as it is in the statute, 'all' is commonly defined as 'the whole amount or quantity' or 'every member or individual component of.'" *Id.*, quoting Webster's Third New International Dictionary (1986). "The term 'related' means more than 'directly connected to' or 'part of.'" *Id.*, quoting *State v. Gaddy*, 89 Ohio Law Abs. 513, 519, 184 N.E.2d 689 (C.P.1962). "Rather, the use of 'related' or 'pertain,' or a variation thereof, describes 'things which in common experience are closely associated with other specific things or situations.'" *Id.*, quoting *Gaddy* at 522. "Thus," the court concluded, "that portion of R.C. 2953.51 defining 'official records' must be read to include each and every record possessed by every public office or agency that is connected to or has a nexus with the criminal case." *Id.*

{¶ 20} Applying the Ohio Supreme Court's interpretation of the definition of "official records," we must conclude that the records of the 2018 case—which arise from the same incident, utilize the same traffic citation, charge the same infractions, and form the basis for the refiled charges—are "official records" of the 2019 case. In fact, as articulated by the Tenth District in *Columbus v. Kuhel*, 10th Dist. Franklin No.

17AP-774, 2018-Ohio-4124 and *State v. Kuhel*, 10th Dist. Franklin No. 17AP-774, 2018-Ohio-4963, they may fairly be characterized as further proceedings in the same case.

{¶ 21} In *Kuhel*, 10th Dist. Franklin No. 17AP-774, 2018-Ohio-4124, the defendant was first charged in municipal court with OVI and a marked lanes violation. The state dismissed the case and refiled the OVI charge in common pleas court, along with a felony firearms charge that arose from the same incident. Kuhel pled guilty to the amended charge of having physical control of a motor vehicle while under the influence and carrying a weapon while intoxicated. Kuhel later sought to have only the dismissed municipal court case sealed—the felony case was not eligible to be sealed under R.C. 2953.36. The trial court denied the motion. On appeal, the Tenth District held that because the felony case could not be sealed, and because "[t]he refiled cases were based on the same facts and basically are the same charges," the municipal court case could not be sealed. *Id.* at ¶ 10. In denying Kuhel's motion for reconsideration, the court went further and characterized the two cases as "the same case at different stages of the proceedings." *Kuhel*, 10th Dist. Franklin No. 17AP-774, 2018-Ohio-4963, at ¶ 8.

{¶ 22} *Kuhel* is, of course, distinguishable from the present case in that (1) in *Kuhel*, the second case resulted in a conviction, and (2) the nature of the conviction in *Kuhel* rendered the case ineligible to be sealed. But *Kuhel* makes clear here that the records in the 2018 case not only "relate to" the 2019 case—they are, in essence, "the same case." *Id.* Accordingly, when the trial court granted T.D.'s motion to seal the

records in the 2019 case, it should have, by extension, sealed the records in the 2018 case as well.

{¶ 23} We find T.D.'s first assignment of error well-taken. We deny as moot his remaining assignments of error.

### III. Conclusion

{¶ 24} We find T.D.'s first assignment of error well-taken. The trial court erred in denying T.D.'s motion to seal the records in the 2018 case. The records in the 2018 case are "official records" of the 2019 case and may fairly be characterized as the same case at different stages of the proceedings. We deny as moot T.D.'s remaining assignments of error. We reverse the August 6, 2020 judgment of the Sylvania Municipal Court and order the records of the 2018 case sealed. The city is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                    JUDGE

Thomas J. Osowik, J.                        

                                            _____
Christine E. Mayle, J.                                              JUDGE
CONCUR.

                                            _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.