[Cite as *In re R.M.*, 2023-Ohio-1641.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| IN RE: R.M. | : | APPEAL NOS. | C-220294, |
| | | | C-220295, |
| | : | | C-220296, |
| | | | C-220297, |
| | : | | C-220298, |
| | | | C-220299 |
| | : | TRIAL NOS. | 15-7498Z, |
| | | | 16-4858Z, |
| | : | | 16-4859Z, |
| | | | 17-2739Z, |
| | : | | 17-2740Z, |
| | | | 17-2742Z |
| | : | | |
| | : | *O P I N I O N.* | |

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: May 17, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica Moss*, Assistant Public Defender, for Appellant R.M.

**CROUSE, Presiding Judge.**

{¶1} Appellant R.M. appeals the juvenile court's decisions to deny his applications for sealing and expungement of the records of six juvenile cases. R.M. requested sealing and expungement of four delinquency adjudications and two juvenile cases that were bound over to adult court and subsequently dismissed. For the following reasons, we affirm the juvenile court's decisions.

### I. Factual and Procedural History

{¶2} In March 2021, then-20-year-old R.M. filed applications for sealing and expungement of the records of his juvenile cases from 2015 through 2017. The state filed objections to R.M.'s applications. After a hearing, the magistrate denied R.M.'s applications. R.M. timely filed objections to the magistrate's decisions. Following a hearing, the juvenile court independently reviewed the record, ruled on R.M.'s objections, and denied his applications. R.M. now appeals the decisions of the juvenile court.

{¶3} The records R.M. has sought to seal and expunge include a 2015 delinquency adjudication for theft, two 2017 delinquency adjudications for aggravated robbery with firearm specifications, and a 2017 delinquency adjudication for receiving stolen property with firearm specifications. If committed by an adult, the theft offense would have been a misdemeanor, and the other offenses would have been felonies. Additionally, R.M. has sought to seal and expunge the records of two 2016 cases which were bound over to adult court and subsequently dismissed for want of prosecution.

{¶4} R.M. was 21 years old at the time of the hearing before the magistrate. During the hearing, R.M. testified that he had employment through a temporary employment service at a warehouse, but he could not recall the name of the business

where he worked. R.M. also noted that he had made progress toward, but had not yet completed, earning a high-school diploma. The state argued that R.M. had an adult misdemeanor conviction for falsification in 2020 and another adult misdemeanor conviction for public gaming in 2021. The magistrate also heard that R.M. had not paid restitution in one of his cases.

{¶5}   The juvenile court denied R.M.'s applications because it found that R.M. had failed to demonstrate that he had been rehabilitated to a satisfactory degree.

### II. Analysis

{¶6}   In his sole assignment of error, R.M. argues that because he had demonstrated that he was sufficiently rehabilitated, the juvenile court abused its discretion by refusing to seal and expunge his juvenile records. Additionally, R.M. argues that the court erred by considering his failure to pay restitution in one of his juvenile cases as a factor that indicates that he is not satisfactorily rehabilitated. Finally, R.M. argues that the juvenile court should have used its "extrajudicial authority" to seal records of cases which were bound over to adult court and subsequently dismissed there.

{¶7}   This court reviews a trial court's decision whether to seal records under an abuse-of-discretion standard. *In re A.J.*, 1st Dist. Hamilton No. C-210111, 2021-Ohio-3917, ¶ 6, citing *State v. Floyd*, 2018-Ohio-5107, 126 N.E.3d 361, ¶ 4 (1st Dist.). An appellate court will not disturb the judgment of the trial court "unless the court has exercised its discretionary judgment over the matter in an unwarranted way or committed legal error." *State v. A.S.*, 2022-Ohio-3833, 199 N.E.3d 994, ¶ 5 (1st Dist.).

{¶8}   The juvenile-record-sealing statute provides, in relevant part, that "the

court may order the records of the person that are the subject of the motion or application to be sealed if it finds that the person has been rehabilitated to a satisfactory degree." R.C. 2151.356(C)(2)(e).

In determining whether the person has been rehabilitated to a satisfactory degree, the court may consider all of the following:

> (i) The age of the person;
>
> (ii) The nature of the case;
>
> (iii) The cessation or continuation of delinquent, unruly, or criminal behavior;
>
> (iv) The education and employment history of the person;
>
> (v) The granting of a new tier classification or declassification from the juvenile offender registry * * *;
>
> (vi) Any other circumstances that may relate to the rehabilitation of the person who is the subject of the records under consideration.

*Id.*

{¶9}   Here, the court considered each of the statutory factors. The court found that R.M. was 20 years old at the time of his application, and 21 at the time of his hearing. The juvenile cases involved misdemeanor theft, aggravated robberies with firearm specifications, and receiving stolen property. The court found that R.M. had "continued criminal behavior into his adult years" with misdemeanor convictions for falsification in 2020 and public gaming in 2021. The court noted that R.M. had not yet earned his high-school diploma, although he was working towards it. The court further noted that R.M. was employed through a temporary service agency at a warehouse,

4

but he could not recall what the warehouse was called. Finally, the court noted under the "any other circumstances" factor that R.M. had failed to pay restitution in one of his juvenile cases. The factor relating to the juvenile offender registry, R.C. 2151.356(C)(2)(e)(v), is not relevant.

{¶10}  The record supports the juvenile court's findings.  R.M. had delinquency adjudications for serious offenses while a juvenile and had misdemeanor offenses after reaching adulthood. His most recent misdemeanor offense was in the same year as his application for sealing his juvenile record. He had subsequent misdemeanor convictions as an adult in 2020 and 2021. He also did not pay court-ordered restitution. Based on this record, we cannot say that the juvenile court abused its discretion by denying R.M.'s applications.

{¶11}  R.M. argues that it was inappropriate for the juvenile court to consider his failure to pay restitution because the juvenile court lacked jurisdiction to collect the outstanding amount after his 21st birthday. R.M. argues that he can never satisfy this factor to show rehabilitation because it became impossible to accomplish after he turned 21.

{¶12}  Assuming, without deciding, that it was inappropriate for the court to consider the restitution issue, it is clear that the primary factor driving the court's decision was the continuation of R.M.'s criminal behavior into his brief period of adulthood. The juvenile court found that "[v]ery little weighs in favor of a finding that [R.M.] has been rehabilitated to a satisfactory degree. He has not yet earned his high school diploma, he has convictions as an adult, despite only being an adult for three years, including a crime of dishonesty in his Falsification conviction. [R.M] additionally failed to pay the ordered restitution."

{¶13} Finally, R.M. argues that the juvenile court should have sealed and expunged his records in the cases numbered 16-4858 and 16-4859. These cases were bound over from the juvenile court to the adult court. The cases were subsequently dismissed by the adult court. R.M. acknowledges that the sealing statutes do not provide a mechanism for the juvenile court to seal a record of a case that was transferred to the adult court and subsequently dismissed there. The relevant statutes provide for (1) mandatory sealing when the case (a) resulted in a dismissal by the juvenile court after a trial on the merits, or (b) the juvenile court found that the child was not a delinquent child, an unruly child, or a juvenile traffic offender, R.C. 2151.356(B)(1)(d); or (2) discretionary sealing after adjudication that the child is a delinquent child, an unruly child, or a juvenile traffic offender. R.C. 2151.356(C)(1).

{¶14} R.M. argues that the juvenile court possesses extrastatutory authority to permit sealing of records in "unusual and exceptional" cases. R.M. suggests that this extrastatutory authority to seal a case record derives from the Supreme Court's decision in *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981). In a subsequent case, the court explained that the holding of *Pepper Pike* was limited to "the unique facts of that case and the absence of legislative guidance." *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 20. R.M. contends that the same unique circumstances apply here.

{¶15} However, we previously considered a similar argument in *In re A.J.*, 1st Dist. Hamilton No. C-210111, 2021-Ohio-3917. In that case, we rejected the proposition that the court could seal a juvenile record that resulted in a dismissal for want of prosecution. *Id.* at ¶ 15. We noted that, although there is no provision for sealing a case under these circumstances, there is no lack of legislative guidance on the

topic, nor are the circumstances of the case unusual or exceptional. *Id.*

**{¶16}** R.M. further argues that, because the adult cases are eligible for sealing, the juvenile court should have sealed the associated juvenile cases. R.M. suggests that cases in our sister districts have held that, where a case has been refiled, the prior cases arising from the same incident and charging the same infractions constitute "the same case." *See State v. T.D.*, 6th Dist. Lucas No. L-20-1149, 2021-Ohio-513, ¶ 20; *Columbus v. Kuhel*, 10th Dist. Franklin No. 17AP-774, 2018-Ohio-4124; *State v. Kuhel*, 10th Dist. Franklin No. 17AP-774, 2018-Ohio-4963.

**{¶17}** We read *T.D.* to hold that where the subsequent case was sealed, the court should also have sealed the prior, related case. Under that logic, R.M. would need to have the adult record sealed, which could then provide a stronger justification for sealing the associated juvenile record.

**{¶18}** We agree that the facts of R.M.'s bound-over cases demonstrate a gap in the current statutory framework for the sealing of the records of juvenile cases. However, without legislative action, there is no statutory authority for the juvenile court to seal the record of charges that were bound over and subsequently dismissed in adult court. And our decision in *In re A.J.* precludes the juvenile court's exercise of extrastatutory authority to seal R.M.'s records at this time.

**{¶19}** On these facts, we cannot say that the juvenile court exercised its judgment in an unwarranted way or committed legal error. The court did not abuse its discretion in denying R.M.'s applications.

### III. Conclusion

**{¶20}** For the foregoing reasons, we overrule R.M.'s sole assignment of error and affirm the judgments of the juvenile court.

7

Judgments affirmed.

**ZAYAS** and **KINSLEY, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

