[Cite as *State v. Young*, 2022-Ohio-593.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P. J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2021 CA 0009 |
| MICHAEL YOUNG | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No.  93 CR 3480


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT ENTRY:      March 1, 2022


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

THOMAS J. SMITH      JOHN A. FISCHER
PROSECUTING ATTORNEY      DEARIE, FISCHER & MATTHEWS
DANIEL J. STANLEY      Greene Town Center
ASSISTANT PROSECUTOR      70 Birch Alley
60 East High Street      Suite 240
Mount Gilead, Ohio  43338      Beavercreek, Ohio  45440

*Wise, John, J.*

{¶1} Defendant-Appellant Michael Young appeals the June 25, 2021, decision of the Morrow County Court of Common Pleas denying his motion to seal the record.

{¶2} Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3} The relevant facts and procedural history are as follows:

{¶4} On or about December 8, 1992, Appellant Michael Young was stopped while operating his vehicle in Mount Gilead, Ohio. As a result of the traffic stop and resulting search, Appellant was cited for OVI/BAC under Section 333.01 of the Codified Ordinances of Mount Gilead, Ohio, a first-degree misdemeanor and drug abuse pursuant to R.C. §2925.11, a fourth-degree felony.

{¶5} Appellant pled guilty to the OVI charge in the Mount Gilead Mayor's Court.

{¶6} On February 3, 1993, by Indictment filed by the Grand Jury in Morrow County, Appellant was charged with possession of a Schedule I controlled substance, in violation of R.C. §2925.11, a fourth-degree felony.

{¶7} Pursuant to a Plea Agreement docketed September 16, 1993, Appellant pled guilty to a reduced charge of Attempted Drug Abuse, in violation of R.C. §2923.02(A), a first-degree misdemeanor.

{¶8} By Judgment Entry filed September 24, 1993, the trial court sentenced Appellant to six (6) months in jail and a $1,000.00 fine. The court suspended the six (6) month sentence and $750.00 of the fine on conditions that Appellant obtain and complete drug and alcohol counseling, serve twenty (20) days of community service, commit no criminal acts within one year, and pay the unsuspended portion of the fine within six (6) months.

{¶9} On March 1, 2021, Appellant filed a Motion to Seal Record of the misdemeanor Attempted Drug Abuse charge, pursuant to R.C. §2953.32, in the Morrow County Common Pleas Court.

{¶10} On March 15, 2021, the State of Ohio filed its Response to the Application to Seal the Record of Case No. 1993-CR-3480

{¶11} On May 19, 2021, the trial court held a hearing on the motion to seal.

{¶12} On June 1, 2021, Appellant filed a supplemental Brief in Support of Motion to Seal Record of Conviction.

{¶13} By Journal Entry filed June 25, 2021, the trial court denied Appellant's motion to seal, finding that Appellant was not an eligible offender pursuant to R.C. §2953.31(A).

{¶14} Appellant now appeals, raising the following assignments of error for review:

## ASSIGNMENT OF ERROR

{¶15} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING MR. YOUNG'S MOTION TO SEAL HIS ATTEMPTED DRUG ABUSE CONVICTION."

## I.

{¶16} In his sole assignment of error, Appellant argues the trial court erred in denying his motion to seal. We agree.

## Standard of Review

{¶17} "An appellate court generally reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard." *State v. M.E.*, 8th Dist. Cuyahoga No. 106298, 2018-Ohio-4715, ¶ 6, citing *State v. Black*, 10th Dist. Franklin No. 14AP-338, 2014-Ohio-4827, ¶ 6. An abuse of discretion occurs where

the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶18}** However, an abuse-of-discretion standard is not appropriate when a lower court's judgment is based on an erroneous interpretation of the law. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. A trial court's interpretation of a statute is a question of law that we review *de novo. State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9. Whether an applicant is considered an eligible offender is an issue of law for a reviewing court to decide *de novo. State v. D.D.G.*, 2019-Ohio-4982, 136 N.E.3d 1271, ¶ 13 (8th Dist.), citing *M.E.* at ¶ 7.

**{¶19}** We will apply an abuse of discretion standard of review to the trial court's factual determinations related to Appellant's motion to seal and a de novo standard to issues involving statutory interpretation of the relevant sealing statutes.

**Law and Analysis**

**{¶20}** "While expungement is a state-created act of grace and 'is a privilege, not a right,' *M.E.* at ¶ 7, quoting *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), a trial court may only grant expungement when an applicant meets all of the statutory requirements. *State v. Hamilton*, 75 Ohio St.3d 636, 640, 665 N.E.2d 669 (1996)." *Id.*, quoting *State v. Williamson*, 10th Dist. Franklin No. 12AP-340, 2012-Ohio-5384, ¶ 10.

**{¶21}** Further, "[s]tatutes providing for the sealing of records 'are remedial and are, therefore, to be construed liberally to promote their purpose and assist the parties in obtaining justice.' " *State v. [C.L.H.],* 10th Dist. Franklin No. 18AP-495, 2019-Ohio-3786, 2019 WL 4528039, ¶ 14, quoting *State v. C.A.,* 10th Dist. Franklin No. 14AP-738, 2015-

Ohio-3437, 2015 WL 5011700, ¶ 11, citing *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622, 716 N.E.2d 204 (1999), citing R.C. 1.11.

**{¶22}** R.C. §2953.32 governs the sealing of a record of conviction for 'eligible offenders'.

**{¶23}** Pursuant to R.C. §2953.31(a)(1), in effect at the time Appellant filed his motion to seal[1], "Eligible offender" means either of the following:

(a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;

(b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment,

---

[1] R.C. 2953.31 to R.C. §2953.36 was revised September 30, 2021.

information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

**{¶24}** Appellant herein argues that the trial court erred when it denied his motion for sealing of the record of his criminal conviction finding that he is not an eligible offender under R.C. §2953.31(A)(1).

**{¶25}** Upon review, we agree with Appellant. Here, Appellant is moving the Morrow County Court to seal his conviction in Case No. 93-CR-3480, which contains a conviction on one count of Attempted Drug Abuse, a first-degree misdemeanor. The OVI count was not charged in the same case, nor was it even brought in the Morrow County Court. Instead, it was brought in the Mt. Gilead Mayor's Court. The two cases proceeded separately, under individual case numbers, with Appellant entering pleas to each on different dates and being sentenced separately under each case.

**{¶26}** Further, we do not find that the two separate charges, brought in two separate jurisdictions, are based on the same set of facts. While Appellant may have been arrested for both charges at the same time, the OVI charge arose out of Appellant's actions of driving a motor vehicle under the influence of alcohol or over the legal limit of breath-alcohol content. The drug abuse charges, however, arose out of Appellant's

possession of an illegal drug. We therefore find the set of facts for each charge to be separate and distinct.

{¶27} Appellee further herein asserts that the sealing of the conviction in this case, and others like it, would create an undue clerical burden. Specifically, in this case, Appellee argues the sealing of Appellant's conviction in the Morrow County Common Pleas Court case would require the sealing of the police reports in the OVI case. However, we find no evidence in the record before us to support this argument. There is nothing to show that the reports are the same in each case or that they in fact even still exist twenty years later. However, if in fact the police report in the OVI case does still exist, and it contains reference to the charges in the drug possession charges, the possibility that someone would still be able to see it is a chance that Appellant will have to live with.

{¶28} Regardless, we do not find that the alleged clerical burden in this case is greater than protecting the privacy interests of the Appellant in having the record of his conviction sealed.

{¶29} Based on the foregoing, we find that Appellant is an "eligible offender" under R.C. §2953.31. We therefore remand this matter back to the trial court to consider Appellant's motion to seal as an eligible offender.

**{¶30}** Appellant's sole assignment of error is sustained.

**{¶31}** Accordingly, the judgment of the Court of Common Pleas, Morrow County, Ohio, is reversed and remanded for further proceedings consistent with the law and this Opinion.

By: Wise, John, J.

Wise, Earle, P. J., and

Hoffman, J., concur.

JWW/kw