Myers, Judge.
 

 {¶1} Elizabeth Floyd appeals the judgments of the Hamilton County Municipal Court denying her application to seal her records in three separate dismissed cases because she is currently serving a community-control sentence. Floyd asks this court to reverse the trial court's judgments and overrule our recent opinion in
 
 State v. Blair
 
 ,
 
 2016-Ohio-5714
 
 ,
 
 62 N.E.3d 201
 
 (1st Dist.). In
 
 Blair
 
 , we held that a defendant serving community control had a criminal proceeding pending against her, and therefore, as a matter of law was not entitled to have her record in another case sealed under R.C. 2953.52. While we are extremely hesitant to overrule existing case law, and while we believe in the importance of precedent, we conclude that
 
 Blair
 
 was wrongly decided and we reluctantly overrule it.
 

 Procedural Posture and Facts
 

 {¶2} In September 2017, Floyd applied to seal records in three separate dismissed criminal cases. At the time of her application, Floyd was serving a two-year community-control sanction, and was subject to a 180-day suspended jail term, following a guilty plea to endangering children in unrelated case C-16CRB-34204. Applying
 
 Blair
 
 , the trial court denied Floyd's application. This appeal followed.
 

 {¶3} In her sole assignment of error, Floyd claims that the trial court erred in denying her application to seal the records of her dismissals. Floyd argues that she is entitled to have her records sealed because a defendant's community-control sentence in an unrelated misdemeanor case is not a pending criminal proceeding under R.C. 2953.52.
 

 Standard of Review
 

 {¶4} Generally, an appellate court reviews a trial court's decision regarding an application to seal records under an abuse-of-discretion standard.
 
 State v. Spohr
 
 , 1st Dist. Hamilton No. C-110314,
 
 2012-Ohio-556
 
 ,
 
 2012 WL 473577
 
 , ¶ 5. In this case, however, because the dispute as to the sealing of records involves a purely legal question, our standard of review is de novo.
 
 State v. Futrall
 
 ,
 
 123 Ohio St.3d 498
 
 ,
 
 2009-Ohio-5590
 
 ,
 
 918 N.E.2d 497
 
 , ¶ 6.
 

 R.C. 2953.52
 

 {¶5} R.C. 2953.52 governs the sealing of records after dismissal. For any dismissed complaint, an application may be filed at any time after dismissal. In determining whether to seal the record, the court shall, among other things, determine whether "criminal proceedings are pending" against the person. R.C. 2953.52(B)(2)(b).
 

 {¶6} In
 
 Blair
 
 , we examined the issue, primarily focusing on what constitutes a "criminal proceeding." Blair was on community control for an unrelated misdemeanor at the time she sought to have her felony acquittals sealed. She argued that her "probation" was a civil matter, not a sentence, and therefore not a pending criminal proceeding. We focused on the distinction between the old "probation" and community control, concluding that a sentence of community control is a part of a criminal proceeding. And because she was still on community control, we found that a criminal proceeding was pending.
 

 {¶7} In
 
 Blair
 
 , we did not focus on what it means for a criminal proceeding to be "pending." As the Supreme Court of Ohio has stated:
 

 [W]e have previously defined the word "pending" as "[b]egun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is 'pending' from its inception until the rendition of final judgment."
 

 Maynard v. Eaton Corp.
 
 ,
 
 119 Ohio St.3d 443
 
 ,
 
 2008-Ohio-4542
 
 ,
 
 895 N.E.2d 145
 
 , ¶ 13, quoting
 
 Van Fossen v. Babcock & Wilcox Co.
 
 ,
 
 36 Ohio St.3d 100
 
 , 103,
 
 522 N.E.2d 489
 
 (1988), quoting
 
 Black's Law Dictionary
 
 1021 (5th Ed.1979);
 
 State ex rel. Bond v. Montgomery
 
 ,
 
 63 Ohio App.3d 728
 
 , 737,
 
 580 N.E.2d 38
 
 (1st Dist.1989) (a "pending" court action is "that period of time between the inception of the lawsuit and rendition of final judgment").
 

 {¶8} Once a judgment of conviction has been entered, it is a final judgment and subject to appeal.
 
 State v. Lester
 
 ,
 
 130 Ohio St.3d 303
 
 ,
 
 2011-Ohio-5204
 
 ,
 
 958 N.E.2d 142
 
 . Once a defendant has been found guilty and been sentenced, in other words convicted, the criminal proceeding is no longer pending. The judgment is final. While the trial court retains jurisdiction in misdemeanor cases after sentencing, R.C. 2929.25(B) and (C) and 2929.24(H), this does not mean that the criminal proceeding is still pending. If a court imposes a jail term for a misdemeanor, the court retains jurisdiction over the offender and the jail term, and may substitute a community-control sanction for any remaining portion of the nonmandatory jail term. But this jurisdiction is invoked only upon motion of the defendant, the state or the court. R.C. 2929.24(H). Similarly, if a court imposes a community-control sanction, it may modify community-control sanctions or conditions of release previously imposed, but only upon motion of the defendant, the state or the court. R.C. 2929.25(B). And any alleged violation of a community-control sanction results in the commencement of a new "proceeding" resulting in a final judgment subject to appeal.
 
 See
 

 State v. Heinz
 
 ,
 
 146 Ohio St.3d 374
 
 ,
 
 2016-Ohio-2814
 
 ,
 
 56 N.E.3d 965
 
 , ¶ 16 (in contrast to probation violation and revocation proceedings, community-control-violation hearings are formal, adversarial proceedings). The possibility of the exercise of this limited jurisdiction following conviction does not render the proceeding still "pending."
 

 {¶9} Our conclusion that defendant's misdemeanor case does not remain pending even though the court retains jurisdiction is supported by other analogous scenarios where courts retain jurisdiction. For example, in domestic-relations cases, the court retains jurisdiction over certain statutorily identified matters after a final decree of divorce is journalized and subject to appeal, but the case is no longer "pending." And in civil cases, the court retains jurisdiction to enforce its judgment, even though the matter is no longer "pending." And because the case is no longer pending in these instances, the court's jurisdiction can only be invoked by motion resulting in a new proceeding.
 

 {¶10} Finally, we note that the legislature has made a distinction between a "pending" criminal proceeding and a "final discharge" in the statutes dealing with sealing of records.
 
 Compare
 
 R.C. 2953.52 and 2953.32. The legislature has determined that the sealing of records after a finding of not guilty or a dismissal should be treated differently than the sealing of records after a conviction. As to the former, an application to seal may be filed at any time after the finding of not guilty or the dismissal. R.C. 2953.52. As to the latter
 (conviction), an application may be filed one year after the offender's "final discharge" if the conviction is a misdemeanor. R.C. 2953.32.
 
 [1]
 
 While not defined, final discharge means completion of the sentence. And for misdemeanors, this would be at the conclusion of the jail term or the community-control period. For both convictions and dismissals, however, the court must determine whether "criminal proceedings are pending." Had the legislature intended a "pending" criminal matter to include the time post-conviction when the defendant was serving her sentence, it would not have used different language in the same statute for "final discharge." Rather, it would have simply stated that a request to seal a misdemeanor conviction could be made one year after defendant's criminal proceeding was no longer pending. We find that once a sentence is imposed and the conviction is final, the criminal proceeding is no longer "pending." Rather, defendant is serving a sentence, which, when completed, is a "final discharge."
 

 {¶11} Thus, while a defendant on community control has not been fully discharged, we hold that the criminal proceedings against her are no longer pending and she may have her records sealed, if otherwise eligible.
 

 Conclusion
 

 {¶12} Therefore, we sustain the assignment of error, reverse the judgments of the trial court, and remand this matter for further proceedings.
 

 Judgments reversed and cause remanded.
 

 Cunningham, P.J., concurs.
 

 Miller, J., dissents.
 

 R.C. 2953.32 was amended effective October 29, 2018. For purposes of our decision, the provisions remain the same.