[Cite as *State v. Baston*, 2021-Ohio-3228.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200204 |
| | | TRIAL NO. B-9306644 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| ROBERT P. BASTON, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 17, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1} Defendant-appellant Robert P. Baston appeals the trial court's entry denying his application to have records sealed, arguing in a single assignment of error that the trial court's denial of his application was in error. Because the trial court erred in determining that Baston was ineligible to have his records sealed because he was serving a prison term for an unrelated offense, we reverse the trial court's judgment and remand for further proceedings.

### *Factual Background*

{¶2} Baston filed an application to have his records sealed, seeking to seal a domestic-violence charge in the case numbered B-9306644 that was ignored by the grand jury. At the time the application was filed, Baston was (and still is) serving a 40-year prison sentence for child molestation.

{¶3} The state objected to Baston's application to have records sealed, arguing that Baston was ineligible to have his records sealed because he had a pending criminal matter, specifically his incarceration on the child-molestation offense. The state alternatively argued that, even if Baston was eligible to have his records sealed, the trial court should exercise its discretion to deny his application.

{¶4} The trial court issued an entry denying Baston's application to have his records sealed. The entry stated that "the Court finds the application not well taken and it is therefore denied. If Ohio law were to change in a manner that would render the defendant eligible for the sought after relief, then this denial is without prejudice to refiling." Baston appealed the trial court's entry.

{¶5} On appeal, this court issued an entry remanding the case for the trial court to clarify the basis for its denial of Baston's application. The trial court issued a

subsequent entry which stated that "[a]t the time defendant's application for record sealing came before this Court, the defendant was serving a 40-year sentence for child molestation in Indiana. Due to this pending criminal matter, the Court found defendant ineligible and denied his application accordingly."

### R.C. 2953.52

{¶6} In his sole assignment of error, Baston argues that the trial court erred in denying his application to have his records sealed.

{¶7} We typically review a trial court's decision on an application to seal records for an abuse of discretion. *State v. Floyd*, 2018-Ohio-5107, 126 N.E.3d 361, ¶ 4 (1st Dist.). But where the dispute as to the sealing of records involves a purely legal question, as it does in this case, we conduct a de novo review. *Id.*

{¶8} R.C. 2953.52 governs the sealing of records for charges that were ignored by a grand jury. It provides that "[a]ny person, against whom a no bill is entered by a grand jury, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the expiration of two years after the date on which the foreperson or deputy foreperson of the grand jury reports to the court that the grand jury has reported a no bill." R.C. 2953.52(A)(2). After an application for the sealing of records is filed, the prosecutor is given time to file objections to the granting of the application. R.C. 2953.52(B)(1).

{¶9} When considering an application to have records sealed, the trial court must, among other things, determine whether "criminal proceedings are pending" against the applicant. R.C. 2953.52(B)(2)(b); *Floyd* at ¶ 5. An applicant is not eligible to have records sealed if she or he has a pending criminal matter. Here, the

3

trial court denied Baston's application based on its determination that he had a pending criminal matter.

{¶10} In *Floyd*, this court considered what it meant to have a "pending criminal matter." Floyd filed an application to seal records while she was serving a two-year community-control sanction and was subject to a 180-day suspended sentence on an unrelated misdemeanor case. *Floyd,* 2018-Ohio-5107, 126 N.E.3d 361, at ¶ 2. The trial court denied Floyd's application after finding that she had a pending criminal matter. *Id.* This court reversed, holding that "[o]nce a defendant has been found guilty and been sentenced, in other words convicted, the criminal proceeding is no longer pending." *Id.* at ¶ 8. We further explained:

> While the trial court retains jurisdiction in misdemeanor cases after sentencing, R.C. 2929.25(B) and (C) and 2929.24(H), this does not mean that the criminal proceeding is still pending. If a court imposes a jail term for a misdemeanor, the court retains jurisdiction over the offender and the jail term, and may substitute a community-control sanction for any remaining portion of the nonmandatory jail term. But this jurisdiction is invoked only upon motion of the defendant, the state or the court. R.C. 2929.24(H). Similarly, if a court imposes a community-control sanction, it may modify community-control sanctions or conditions of release previously imposed, but only upon motion of the defendant, the state or the court. R.C. 2929.25(B). And any alleged violation of a community-control sanction results in the commencement of a new "proceeding" resulting in a final judgment subject to appeal. *See State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 16 (in contrast to probation violation and revocation proceedings, community-control-violation hearings are formal, adversarial proceedings). The possibility of the exercise of this

limited jurisdiction following conviction does not render the proceeding still "pending."

*Id.*

{¶11} Based on the reasoning set forth in *Floyd*, we hold that Baston did not have a pending criminal matter. Once he was convicted of the child-molestation offense and sentenced, the proceeding was no longer "pending."

{¶12} We hold that the trial court erred in denying Baston's application to have his records sealed based on its determination that he had a pending criminal matter, and we sustain Baston's assignment of error.

### *Conclusion*

{¶13} The judgment of the trial court denying Baston's application to have his records sealed is reversed. This matter is remanded for the trial court to determine pursuant to R.C. 2953.52 whether Baston is otherwise entitled to have his records sealed.

Judgment reversed and cause remanded.

CROUSE and BOCK, JJ., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.