[Cite as *In re A.J.*, 2021-Ohio-3917.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: A.J.

:

:

:

:

APPEAL NO. C-210111
TRIAL NO.   19-4824Z

*O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 3, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Keith Sauter,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Jessica Moss,* Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}   A.J. appeals the judgment of the Hamilton County Juvenile Court denying her motion to seal or expunge her juvenile record.   For the following reasons, we affirm the judgment of the trial court.

## Factual Background

{¶2}   On September 25, 2019, a complaint was filed alleging A.J. was delinquent for committing domestic violence against her mother, a misdemeanor of the first degree if committed by an adult.   The matter was dismissed in December 2019 for want of prosecution because her mother did not wish to proceed.

{¶3}   On June 11, 2020, A.J. filed a motion to seal and expunge the record, contending that the record was immediately eligible for sealing upon dismissal.   In the alternative, A.J. argued that the court could exercise its extrastatutory authority to seal the record because the statute is ambiguous with respect to dismissed charges and juveniles should have a greater ability to seal records than adults.

{¶4}   The juvenile court denied the motion finding that R.C. 2151.356(B)(1)(d) did not apply when the complaint was dismissed, the statute was not ambiguous, and extrastatutory relief was unavailable because the facts in this case were not unusual or exceptional.

{¶5}   A.J. appeals raising two assignments of error, which she argues together.  A.J. contends that the juvenile court misapplied the legal standard when it determined A.J. was ineligible to have her record sealed and abused its discretion in denying her motion to seal her record.

## Law and Analysis

{¶6}   Generally, appellate courts review a trial court's decision whether to

seal records under an abuse-of-discretion standard. *State v. Floyd*, 2018-Ohio-5107, 126 N.E.3d 361, ¶ 4 (1st Dist.). An abuse of discretion is described as a decision that was arbitrary, unconscionable, or the product of an unsound reasoning process. *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. However, when the decision involves an "erroneous interpretation or application of the law," the standard of review is de novo. *Floyd* at ¶ 4, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6-7.

{¶7} A.J. first argues that the trial court erred in concluding that R.C. 2151.356(B)(1)(d) does not apply to complaints that were dismissed without prejudice. This issue involves the interpretation and application of statutes, so we review the decision de novo. *See id.* "When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply the rules of statutory interpretation." *Symmes Twp. Bd. of Trustees v. Smyth*, 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000). An unambiguous statute must simply be applied as written. *See State v. Waxler*, 11th Dist. Lake No. 2020-L-109, 2021-Ohio-1017, ¶ 19.

{¶8} R.C. 2151.356(B)(1)(d), provides:

(B)(1) The juvenile court shall promptly order the immediate sealing of records pertaining to a juvenile in any of the following circumstances:

(d) If a complaint was filed against a person alleging that the person was a delinquent child, an unruly child, or a juvenile traffic offender and the court dismisses the complaint after a trial on the merits of the case or finds the person not to be a delinquent child, an unruly child, or a juvenile traffic offender.

{¶9} Under the statute, a dismissal must be promptly sealed under two circumstances. The first is when the dismissal occurs "after a trial on the merits." In this case, there is no dispute that the case did not proceed to a trial.

{¶10} The second provision allowing for the sealing of the record upon dismissal envisions a trial court specifically finding the person "not to be a delinquent child, an unruly child, or a juvenile traffic offender." Here, the court did not make a finding that A.J. was not a delinquent child, unruly child, or a traffic offender.

{¶11} Therefore, the juvenile court did not err in concluding that A.J.'s record was not eligible to be sealed under R.C. 2151.356(B)(1)(d).

{¶12} Nevertheless, A.J. argues that the juvenile court abused its discretion in denying her motion because R.C. 2151.356(B)(1)(d) is ambiguous and requests this court to look beyond the plain language of the statute to conclude that R.C. 2151.356(B)(1)(d) applies to dismissals for want of prosecution. To the contrary, the statute is plain and unambiguous, and must simply be applied as written. "When a statutory provision imposing a mandatory obligation has specifically enumerated exceptions, a court does not have discretion to create additional exceptions." *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 15.

{¶13} Next, A.J. contends that the trial court abused its discretion by not exercising its extrastatutory authority to seal the record. The Ohio Supreme Court had held that trial courts have limited extrastatutory authority to seal records of criminal proceedings in certain unusual and exceptional cases. *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 376, 421 N.E.2d 1303 (1981). In *Pepper Pike*, Doe sought to seal the records of charges that were based on purely vindictive accusation, and

4

ultimately dismissed with prejudice. *Id.* at 376-377. The unusual and exceptional circumstance relied upon by the court was the fact that "appellant's former husband and his current wife used the courts as a vindictive tool to harass appellant." *Id.* at 377.

{¶14} When *Pepper Pike* was decided, the statutes permitted the sealing of records relating to convictions, but a provision for sealing the record in criminal cases resulting in acquittal or dismissal did not exist. The court reiterated that "this is the exceptional case, and should not be construed to be a carte blanche for every defendant acquitted of criminal charges in Ohio courts. Typically, the public interest in retaining records of criminal proceedings, and making them available for legitimate purposes, outweighs any privacy interest the defendant may assert." *Id.* at 377.

{¶15} Similarly here, the juvenile statutes permit the sealing of records related to a delinquency adjudication but not in cases that result in a dismissal. Unlike *Pepper Pike*, there are no unusual or exceptional circumstances that would permit this court or the juvenile court to exercise its extrastatutory authority to seal A.J.'s record.

{¶16} Although policy considerations may favor the sealing of juvenile records in dismissed cases, that decision lies within the purview of the General Assembly, not this court. We note that the legislature enacted R.C. 2953.51 et seq. to protect the privacy of adults whose charges result in dismissals "to guard against the harmful and stigmatizing effects associated with arrest records." *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 36 (O'Donnell, J., dissenting). Perhaps the General Assembly will address this issue with respect to juveniles.

**{¶17}** We overrule the first and second assignments of error.

## Conclusion

**{¶18}** Finding A.J's two assignments of error to be without merit, we affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.