[Cite as *State v. Evans*, 2022-Ohio-341.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210251 |
| | | TRIAL NO. 87CRB-35256-A |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| | : | |
| THOMAS EVANS, | | |
| Defendant-Appellee. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 7, 2022


*Andrew W. Garth,* City Solicitor, *William T. Horsley,* Chief Prosecuting Attorney, and *Jon Vogt,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller,* Hamilton County Public Defender, and *Sarah E. Nelson,* Assistant Public Defender, for Defendant-Appellee.

**BERGERON, Presiding Judge.**

{¶1} During the 1980s, defendant-appellee Thomas Evans was convicted in Hamilton County of misdemeanor assault, misdemeanor receiving stolen property, and misdemeanor disorderly conduct. Last year, he applied for the sealing of those convictions. In between, he ran afoul of the law several times, incurring multiple convictions (including felonies). Although the prosecutor advised the trial court that this record deprived Mr. Evans of eligibility to have his old misdemeanor convictions sealed, the trial court nevertheless granted his application.

{¶2} On appeal, the city of Cincinnati contests the sealing of Mr. Evans's assault conviction, maintaining that R.C. 2953.32(A)(1) did not grant him eligibility for sealing that conviction. The state does not challenge the sealing of Mr. Evans's convictions for receiving stolen property or disorderly conduct, and thus those matters are not before us.

{¶3} "Generally, an appellate court reviews a trial court's decision regarding an application to seal records under an abuse-of-discretion standard." *State v. Floyd*, 2018-Ohio-5107, 126 N.E.3d 361, ¶ 4 (1st Dist.). But if "the sealing of records involves a purely legal question, our standard of review is de novo." *Id.*, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. Since this case presents a pure statutory interpretation question, we review the matter de novo. *Wray v. Albi Holdings, P.L.L.*, 1st Dist. Hamilton No. C-200381, 2021-Ohio-3920, ¶ 7 ("We review issues of statutory interpretation de novo.").

{¶4} R.C. 2953.32(A)(1) allows "eligible offenders" to apply for expungement. The General Assembly amended the statutory definition of "eligible offender" shortly after Mr. Evans applied for expungement. Former R.C. 2953.31(A)(1)(a)-(b) defined "eligible offenders" in two ways. First, under subsection (a), an "eligible offender" included:

Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense.

Second, under subsection (b), an "eligible offender" also encompassed:

Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶5}   The record reflects three felony convictions for Mr. Evans in Hamilton County: second-degree-felony robbery, third-degree-felony failure to comply, and third-degree-felony trafficking.   Based on these convictions, Mr. Evans is ineligible under subsection (a) because his felony convictions are not of the fourth or fifth degree.   But this record also proves fatal under subsection (b) because he has more than one felony conviction.   Mr. Evans is, therefore, ineligible for expungement under former R.C. 2953.31(A)(1).

{¶6}   On appeal, Mr. Evans concedes his lack of eligibility for expungement under the text of former R.C. 2953.31(A)(1).   Mr. Evans nevertheless urges this Court to affirm the trial court's decision as a part of its inherent discretion and authority over applications for expungement.   We decline that invitation.   Although we recognize the salutary nature of sealing a 35-year-old conviction for misdemeanor assault, Mr. Evans's theory would contravene the restrictions embodied in R.C. 2953.31(A)(1).   We have no authority to override an act of the General Assembly merely because of our policy preferences.   *Groch v. GMC,* 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212 ("It is not this court's role to establish legislative policies or to second-guess the General Assembly's policy choices.").

{¶7}   We sustain the state's sole assignment of error, and remand this cause with instructions for the trial court to deny Mr. Evans's application to expunge his misdemeanor assault conviction.   *See, e.g., State v. Taylor*, 10th Dist. Franklin No. 15AP-1017, 2016-Ohio-4773, ¶ 8 (remanding with instructions to deny the application for expungement where the offender was not an eligible offender).   Because this appeal did not challenge the sealing of Mr. Evans's convictions for receiving stolen property or disorderly conduct, this judgment has no bearing on the sealing of those convictions.

Judgment reversed and cause remanded.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion