[Cite as *In re L.P.*, 2023-Ohio-949.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| IN RE: L.P. | : | APPEAL NOS. C-220396, | C-220397, |
| | | C-220398,   C-220399, | C-220400, |
| | : | C-220401,   C-220402, | C-220403, |
| | | C-220404,   C-220405, | C-220406, |
| | : | C-220407,   C-220408, | C-220409, |
| | | C-220410,   C-220411, | C-220412, |
| | | C-220413,   C-220414 | |
| | : | TRIAL NOS. 94-2130, | 95-1412, |
| | | 95-2820,   95-2826, | 95-8584, |
| | : | 97-10789,   97-20043, | 97-25563, |
| | | 98-3603,   98-12667, | T96-3573, |
| | : | T96-3574,   T97-3195, | T97-3196, |
| | | T97-3197,   T97-3198, | T98-1130, |
| | : | T98-1208,   T98-1248 | |

*O P I N I O N.*

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: March 24, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula Adams*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica Moss*, Assistant Public Defender, for Appellant L.P.

CROUSE, **Presiding Judge.**

{¶1}   Appellant L.P. appeals the juvenile court's decisions to deny his applications for sealing and expungement of numerous juvenile adjudications. L.P. requested sealing and expungement of one unruly-child adjudication, nine delinquency adjudications, and nine juvenile-traffic-offender ("JTO") adjudications. For the following reasons, we reverse the juvenile court's decision as to L.P.'s adjudication as an unruly child, and we affirm the juvenile court's decisions as to L.P.'s other adjudications.

## I. Factual and Procedural History

{¶2}   In February 2022, L.P. filed applications for sealing and expungement of his juvenile cases from the 1990s. After two hearings, a magistrate denied L.P.'s applications. L.P. timely filed objections. Following a hearing, the juvenile court overruled L.P.'s objections, adopted the magistrate's decisions, and denied his applications. L.P. now appeals the decisions of the juvenile court.

{¶3}   The state did not file written objections to L.P.'s applications. However, the state appeared at the hearings and voiced its opposition to the sealing and expungement of his records. At the second hearing before the magistrate, the assistant prosecuting attorney summarized L.P.'s adult criminal record as follows:

> I don't think he's shown * * * sufficient progress in avoiding criminal
> activity, Your Honor. He has 21 traffic convictions, namely for driving
> on a suspended license.
>
> Additionally, he has an * * * obstruction of official business and drug
> abuse, minor misdemeanor, from May 2018.
>
> He also has a disorderly conduct; possession of drugs, May 2018;

carrying a concealed weapon, [a fourth-degree felony], February 2016; a trafficking of marijuana and it looks like another carrying concealed weapon, April 2007; a trafficking in marijuana, January 2009; trafficking in drugs, [a third-degree felony], January 2009; trafficking in marijuana, May 2011; possession of drugs – excuse me – a trafficking in marijuana, November 2011; trafficking in drugs, [a fifth-degree felony], February 2016; trafficking of drugs, [a fourth-degree felony], February 2016; possession of drugs, 2016.

{¶4} L.P. did not object to the prosecutor's recitation of his criminal history at the hearing and no written records of L.P.'s criminal history were admitted as evidence by either party. In his objections to the magistrate's decisions denying his applications to seal his record, L.P. explained his adult criminal record somewhat differently than the prosecutor did at the magistrate hearing:

While the possession of marijuana sentencing occurred in 2018, that charge was filed in 2017. [L.P.] does not have an adult charge for disorderly conduct in Hamilton County. Although [L.P.] does have six possession of drug charges between 2013 and 2015, all were for possession of marijuana. [L.P.]'s charges for trafficking in marijuana and carrying a concealed weapon occurred between 2005 and 2011. [L.P.] explained to the court that he is "a changed man from that long ago" and he isn't "that person."

Again, L.P. did not provide the court with any documents showing his adult criminal record.

## II. First Assignment of Error

{¶5}     In his first assignment of error, L.P. argues that the juvenile court erred in denying his request to seal and expunge his adjudication as an unruly child in the case numbered 97-25563. In that case, L.P. was adjudicated an unruly child after he admitted to a tobacco charge. L.P. argues that this record should have been automatically sealed when he turned 18 and expunged when he turned 23. The state concedes this error.

{¶6}     Under R.C. 2151.356(B)(1)(e), the juvenile court "shall promptly order the immediate sealing of records" when "a person has been adjudicated an unruly child, that person has attained eighteen years of age, and the person is not under the jurisdiction of the court in relation to a complaint alleging the person to be a delinquent child." Further, "[t]he juvenile court shall expunge all records sealed under section 2151.356 of the revised code five years after the court issues a sealing order or upon the twenty-third birthday of the person who is the subject of the sealing order, whichever date is earlier." R.C. 2151.358(A).

{¶7}     The mandatory sealing provision of R.C. 2151.356(B)(1)(e) should have been applied to the case numbered 97-25563. Because L.P. is now more than 23 years old, the record should have been expunged upon sealing.

{¶8}     The juvenile court erred when it did not follow the mandatory sealing and expungement process for L.P.'s adjudication as an unruly child. We therefore sustain L.P.'s first assignment of error.

## III. Second Assignment of Error

{¶9}     In L.P.'s second assignment of error, he argues that the juvenile court abused its discretion by refusing to seal and expunge his juvenile record in the other

cases at bar because he had demonstrated that he was sufficiently rehabilitated to warrant the relief requested. Additionally, L.P. argues that the court erred by considering his failure to pay restitution in one of his juvenile cases as a factor that indicates that he is not satisfactorily rehabilitated.

{¶10} This court reviews a trial court's decision whether to seal records under an abuse-of-discretion standard. *In re A.J.*, 1st Dist. Hamilton No. C-210111, 2021-Ohio-3917, ¶ 6, citing *State v. Floyd*, 2018-Ohio-5107, 126 N.E.3d 361, ¶ 4 (1st Dist.). An appellate court will not disturb the judgment of the trial court "unless the court has exercised its discretionary judgment over the matter in an unwarranted way or committed legal error." *State v. A.S.*, 2022-Ohio-3833, 199 N.E.3d 994, ¶ 5 (1st Dist.).

{¶11} The juvenile-record-sealing statute provides, in relevant part, that "the court may order the records of the person that are the subject of the motion or application to be sealed if it finds that the person has been rehabilitated to a satisfactory degree." R.C. 2151.356(C)(2)(e).

> In determining whether the person has been rehabilitated to a satisfactory degree, the court may consider all of the following:
>
> > (i) The age of the person;
> >
> > (ii) The nature of the case;
> >
> > (iii) The cessation or continuation of delinquent, unruly, or criminal behavior;
> >
> > (iv) The education and employment history of the person;
> >
> > (v) The granting of a new tier classification or declassification from the juvenile offender registry * * *;

5

(vi) Any other circumstances that may relate to the rehabilitation of the person who is the subject of the records under consideration.

*Id.*

{**¶12**} Here, the court considered each of the statutory factors. The court found that L.P. was 41 years old at the time of his application. L.P.'s juvenile cases involved numerous offenses, ranging from minor misdemeanors and traffic violations to aggravated burglary. The court found that L.P. had a "lengthy adult criminal record," including "more than twenty traffic violations, as well as charges related to drug trafficking, and firearm charges." The court noted that L.P. had earned his G.E.D. and is employed as a delivery driver. The factor relating to the juvenile offender registry is not relevant. Under the "any other circumstances" factor, the court noted, (1) "the sheer number of juvenile contacts" with the justice system and (2) that L.P. had failed to pay restitution in one of his juvenile cases.

{**¶13**} In his appellate brief, and during oral argument, L.P.'s counsel stated that L.P. has had no felony convictions since 2011. However, these statements contradict the record established during the hearing before the magistrate. At that hearing, the state asserted that L.P. had felony convictions for drug trafficking and carrying a concealed weapon as recently as 2016. L.P. did not object to this representation. While L.P. did state in his objections to the magistrate decisions that "charges for trafficking in marijuana and carrying a concealed weapon occurred between 2005 and 2011," he did not provide the court with any records substantiating that assertion. The trial court did note that L.P. "has not had a criminal charge in approximately four years," but this did not seem to sway the court. The court's main

6

concern was with L.P.'s "lengthy adult criminal record."

{¶14} L.P. argues that it was inappropriate for the juvenile court to consider his failure to pay restitution because the juvenile court lacked jurisdiction to collect the outstanding amount after L.P.'s 21st birthday. L.P. argues that he can never satisfy this factor to show rehabilitation because it became impossible to accomplish after he turned 21.

{¶15} Assuming, without deciding, that it was inappropriate for the court to consider the restitution issue, it is clear that the primary factor driving the court's decisions was L.P.'s adult record. At the second hearing before the magistrate, the magistrate concluded that "even if I accept [L.P.'s] argument as to the restitution, I think based on [L.P.]'s adult record, * * * particularly with the weapons charges and the trafficking charges, it does not meet even the standard of satisfactory rehabilitation." The magistrate's written decisions focused solely on L.P.'s "lengthy adult criminal record" in denying his request.

{¶16} Further, while the juvenile court, in its entries adopting the magistrate's decisions, stated that it could consider L.P.'s failure to pay restitution, it did not place significant emphasis on this fact. Instead, like the magistrate, the court placed considerable emphasis on L.P.'s adult criminal record concluding that "[i]n addition to [L.P.'s] lengthy adult criminal record, the Court has also considered the sheer number of juvenile contacts [L.P.] has had."

{¶17} On these facts, we cannot say that the juvenile court exercised its judgment in an unwarranted way or committed legal error. The court did not abuse its discretion in denying L.P.'s applications. We therefore overrule L.P.'s second assignment of error.

## IV. Conclusion

{¶18}  For the foregoing reasons, we sustain L.P.'s first assignment of error and overrule L.P.'s second assignment of error. In the appeal numbered C-220403, we reverse the judgment of the juvenile court and remand this matter to the juvenile court with instructions to seal and expunge the record of L.P.'s adjudication as an unruly child in the juvenile case numbered 97-25563. In L.P.'s other appeals, we affirm the judgments of the juvenile court.

Judgments affirmed in part and reversed in part, and cause remanded.

**BERGERON** and **BOCK, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.