[Cite as *In re J.D.*, 2023-Ohio-3581.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| IN RE: J.D. | : | APPEAL NOS. | C-220564 |
| | | | C-220565 |
| | : | | C-220566 |
| | | | C-220567 |
| | : | | C-220568 |
| | | | C-220569 |
| | : | TRIAL NOS. | F11-1898Z |
| | | | 07-7894Z |
| | : | | 08-874Z |
| | | | 09-273Z |
| | : | | 10-3812Z |
| | | | 10-9453Z |
| | : | | |
| | : | *O P I N I O N.* | |

Appeals From:  Hamilton County Juvenile Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: October 4, 2023

*Melissa A. Powers,* Hamilton County Prosecuting Attorney, and *Keith Sauter,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Jessica Moss,* Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}    J.D. appeals the judgments of the Hamilton County Juvenile Court denying his motions to seal and expunge his juvenile records in six cases, arguing that the trial court abused its discretion. For the following reasons, we affirm the judgment of the trial court.

## Factual Background

{¶2}    J.D. filed applications to seal and expunge the records from his juvenile cases. Nine cases were assigned to one juvenile court judge who sealed and expunged the records. Six cases were assigned to a second juvenile court judge and are the subject of this appeal.

{¶3}    J.D. admitted to an electronic monitoring unit ("EMU") violation in the case numbered F11-1898Z. In the case numbered 07-7894Z, J.D. admitted to and was adjudicated delinquent for violating court-ordered curfew. In the case numbered 08-874Z, he admitted to and was adjudicated delinquent for violating a court order by being truant. In the case numbered 09-273Z, he was adjudicated delinquent for failing to complete a court-ordered work detail. J.D. was adjudicated delinquent for violating court-ordered EMU in the case numbered 10-3812Z. In the case numbered 10-9453Z, he was adjudicated delinquent for engaging in conduct that, had he been an adult, would have constituted burglary, a felony of the third degree. In that case, the juvenile court ordered J.D. to pay restitution, but no amount was specified in the order.

{¶4}    The magistrate conducted a hearing, but J.D. did not appear. Counsel for J.D. informed the magistrate that, "It looks like there was restitution on one of the cases, apparently in the amount of $250." Counsel asked the court to waive the restitution. Counsel further informed the court that J.D. had a traffic offense in 2019,

and his last conviction was in 2018.

{¶5}    The prosecutor objected to the sealing because J.D. did not submit any proof of his rehabilitation and was not present to inform the court of his current status. The prosecutor represented that J.D. had three or four failures to appear in Kentucky in 2019 and convictions for receiving stolen property in 2017 and 2018.

{¶6}    The magistrate denied the applications, and J.D. filed objections. J.D. did not appear at the hearing on the objections. The prosecutor represented to the court that he had J.D.'s criminal record, and that J.D. had potentially four citations for failures to appear in Boone and Kenton Counties in Kentucky, and that it appeared that those cases were unresolved. Counsel for J.D. stated that she had a record from Kentucky. She also did not dispute or question the citations or the unresolved cases.

{¶7}    The court issued a written decision denying the applications for sealing and expungement of the records. The court considered the statutory factors and determined, "In the case at bar, [J.D.] has continued criminal behavior into his adult life, he failed to pay restitution, and the Court simply has very little information to show [J.D.] has been rehabilitated because [J.D.] failed to appear or provide any information to show he has been rehabilitated."

{¶8}    J.D. timely appealed, contending that the trial court abused its discretion in denying the applications. Specifically, J.D. argues that the court erred in finding he was not rehabilitated because the first juvenile judge determined he was rehabilitated, and the court erroneously considered the nonpayment of restitution in determining he was not rehabilitated.

### Law and Analysis

{¶9}    An appellate court reviews a lower court's decision to deny an

application to seal for an abuse of discretion. *See In re A.J.*, 1st Dist. Hamilton No. C-210111, 2021-Ohio-3917, ¶ 6. We will not disturb the judgment of the trial court unless the decision was "arbitrary, unconscionable, or the product of an unsound reasoning process." *Id.*, citing *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶10} The sealing of juvenile cases is governed by R.C. 2151.356, which states in relevant part "the court may order the records of the person that are the subject of the motion or application to be sealed if it finds that the person has been rehabilitated to a satisfactory degree." R.C. 2151.356(C)(2)(e). In determining rehabilitation, a court may consider the age of the applicant, the nature of the case, the cessation of delinquent or criminal behavior, the education and employment history of the applicant, and any other circumstances that may relate to the rehabilitation of the person. *Id.*

{¶11} Here, the court considered that one of J.D.'s adjudications was a burglary charge, J.D.'s subsequent criminal history, the unpaid restitution, and the lack of evidence regarding his education and employment. J.D. contends that the court's reliance on the nature of the burglary adjudication was improper. In support of this proposition, J.D. relies on our determination that the nature of an offense "cannot provide the sole basis to deny an application." *State v. A.S.*, 1st Dist. Hamilton No. C-220259, 2022-Ohio-3833, ¶ 15, quoting *State v. R.S.*, 1st Dist. Hamilton Nos. C-210169, C-210170, C-210171, C-210172, and C-210173, 2022-Ohio-1108, ¶ 29.

{¶12} The cases cited by J.D. interpreted the adult sealing statute, which requires the court to, "Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged against

4

the legitimate needs, if any, of the government to maintain those records." R.C. 2953.32(C)(2). Both cases held that when considering the state's interest in maintaining records of an adult conviction, the nature of the offense "cannot provide the sole basis to deny an application." *A.S.* at ¶ 15; *R.S.* at ¶ 29. The juvenile sealing statute does not require a juvenile court to weigh the parties' interests before sealing a record.

{¶13} Moreover, to argue the court denied his motions to seal based only on the seriousness of one offense mischaracterizes the court's determination. The court considered all the relevant factors in R.C. 2151.356(C)(2)(e) and made several findings to support its determination. Furthermore, the juvenile statute allows the court to consider "the nature of the case" in determining rehabilitation. *See* R.C. 2151.356(C)(2)(e)(ii). "The legislature appears to have afforded courts considering motions to seal a juvenile's record broader discretion to consider the nature of the case than that afforded to adults." *In re H.S.*, 11th Dist. Geauga No. 2020-G-0239, 2020-Ohio-4530, ¶ 23.

{¶14} Next, J.D. challenges the court's consideration of the unpaid restitution. J.D.'s failure to comply with the court's restitution order fell within the catch-all provision of R.C. 2151.356(C)(2)(e) regarding "any other circumstances" courts may consider in determining rehabilitation. The primary goal of restitution is remedial and compensatory. *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 23. Restitution is an obligation "rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose." (Citations omitted.) *Id.*; *see* R.C. 2152.01(A) ("The overriding purposes for dispositions under this chapter are to

provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender."). Thus the imposition of restitution serves a rehabilitative purpose and may be relevant in assessing rehabilitation. *See id.*

{¶15} J.D. further contends that the record was sufficient to show rehabilitation because the other juvenile judge found him to be sufficiently rehabilitated. We first note that, other than the fact that the other juvenile judge sealed nine of J.D.'s other delinquency cases, the records of those cases are not in our appellate record. Therefore, we cannot "decide the appeal on that basis." *See* App.R. 9; *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 200 (1978), paragraph one of the syllabus.

{¶16} Nonetheless, R.C. 2151.356(C)(2)(e) requires the juvenile court to decide, in its discretion, whether the applicant was satisfactorily rehabilitated. Therefore, the trial judge must make an independent determination whether the applicant is "rehabilitated to a satisfactory degree" after considering the relevant statutory factors. *See* R.C. 2151.356(C)(2)(e). A trial court's rehabilitation determination "is peculiarly subjective requiring great deference to the trial court * * *." *State v. Brooks*, 2d Dist. Montgomery No. 25033, 2012-Ohio-3278, ¶ 15.

{¶17} In this case, J.D. failed to present any evidence, either before or during the hearing, to support his rehabilitative efforts. The purpose of R.C. 2151.356 is to permit rehabilitated offenders to apply to have their records sealed so that they can leave their youthful offenses in the past. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 54. Absent evidence of rehabilitation, we cannot

conclude that the trial court abused its discretion in denying J.D.'s applications. *See Brooks* at ¶ 28 (An applicant's failure to establish rehabilitation "is an independent ground upon which to deny a motion to seal * * *.").

**{¶18}** The dissent contends that we must follow *In re I.J.,* 1st Dist. Hamilton No. C-220553, 2023-Ohio-2024. However, in *In re I.J.*, the juvenile court found the juvenile rehabilitated in every case except for one, then sealed and expunged all of the records except for one. Here, the juvenile court did not reach different outcomes, and *In re I.J.* does not apply.

**{¶19}** Accordingly, we overrule the sole assignment of error.

### Conclusion

**{¶20}** Finding J.D.'s sole assignment of error to be without merit, we affirm the judgments of the trial court.

Judgments affirmed.

**WINKLER, J.,** concurs.
**BOCK, J.,** dissents.

**BOCK, J.,** dissenting.

**{¶21}** Just a few months ago, we grappled with strikingly similar arguments in *In re I.J.,* 1st Dist. Hamilton No. C-220553, 2023-Ohio-2024, a case bearing a nearly identical set of facts and procedural history. In *In re I.J.,* the juvenile court found that I.J. was rehabilitated and subsequently granted 45 of his 46 applications to seal and expunge his juvenile court records. *Id.* at ¶ 3. I.J. appealed the denial of the 46th application. *Id.* at ¶ 7. We reversed the juvenile court's decision, emphasizing that the juvenile court's findings "were not so dissimilar to the findings in the 45 sealed and expunged cases to warrant the different outcome in [the 46th] case." *Id.* at ¶ 15.

**{¶22}** We reasoned that "for the juvenile court's denial of the application to seal and expunge the record of the final case to constitute a proper exercise of its discretion, there would need to exist a compelling rationale for reaching a different outcome in the remaining case." *Id.* at ¶ 12. Still more, we held that "an adult applicant's failure to pay restitution in a juvenile case is probative only of that person at 21 years old, not whether he or she is rehabilitated at the time of applying for sealing and expungement." *Id.* at ¶ 14.

**{¶23}** This case stands on equal footing with *In re I.J.* Stare decisis dictates that we adhere to *In re I.J.'s* holding. *See Fairless v. Acuity*, 1st Dist. Hamilton No. C-210165, 2022-Ohio-10, ¶ 27, citing *William Powell Co. v. Onebeacon Ins. Co*, 2016-Ohio-8124, 75 N.E.3d 909, ¶ 31 (1st Dist.). The facts are not so dissimilar to warrant a different outcome in this case, and I can find no compelling rationale for departing from its holding. I would reverse the juvenile court's judgments and remand these cases to the juvenile court with instructions to seal and expunge J.D.'s juvenile records. Consequently, I respectfully dissent.


Please note:

    The court has recorded its own entry on the date of the release of this opinion.